In the Matter of **MALEY TIRE CO., Inc.,**
Alleged Bankrupt.

No. 67 BK 1367.

United States District Court
N. D. New York.

Aug. 28, 1967.

Coulter, Fraser, Carr, Ames & Bolton, Syracuse, N. Y., for petitioning creditor; Henry S. Fraser, Syracuse, N. Y., of counsel.

Carl F. Guy, Syracuse, N. Y., for alleged bankrupt.

PORT, District Judge.

### Memorandum-Decision and Order

The alleged bankrupt's motion to compel Lee Tire & Rubber Company, the petitioning creditor in the above-captioned involuntary bankruptcy proceedings, to accept a jury trial demand which they had rejected as untimely, was denied from the bench for the reasons stated herein.

On July 20, 1967, Lee Tire & Rubber Company filed an involuntary petition in bankruptcy against Maley Tire Co. Inc. On the same date a subpena was issued and on the next day was served upon the alleged bankrupt, Maley Tire Co., Inc.[1] The subpena was on Form 6 of the Official Forms in Bankruptcy, and provided:

"You are hereby summoned and required to appear and plead to said petition, on or before the 31st day of July, 1967; and if you fail to do so, you may be adjudged a bankrupt by default."

On July 31, 1967, Maley Tire Co. filed its answer to the petition. The answer admitted that the alleged bankrupt was a New York Corporation having its place of business within this judicial district for six months immediately preceding the filing of the petition. It denied all other allegations of the petition including insolvency and the commission of the alleged acts of bankruptcy.

Following the usual procedure, the proceeding was referred to Referee Goldstein by order of Hon. Stephen W. Brennan, Senior District Judge, under date of July 31, 1967. A certified copy of the Order of General Reference was mailed to the attorney for the alleged bankrupt the same day.

Pursuant to the order of reference and the provisions of § 3(d) of the Bankruptcy Act, 11 U.S.C. § 21(d), the Referee ordered a hearing to be held on August 11, 1967, and directed Michael F. Maley, president of the alleged bankrupt to appear and bring the corporation's books, papers and accounts and to testify at said hearing. Service was effected in accordance with the provisions of the order on August 3, 1967.

The affidavit in support of the motion alleges that on or about August 7, 1967, a demand for a jury trial was served upon the attorneys for the petitioning creditor and filed with the Clerk of the court.[2] It further alleges that on the following day the demand for a jury trial "was rejected by the attorneys for petitioner as being untimely."

### TIMELINESS OF APPLICATION FOR JURY TRIAL

The moving affidavit further alleges that the demand was timely under the provisions of § 19 of the Bankruptcy Act, 11 U.S.C. § 42 "in that it was submitted prior to the time an amended Reply could have been made and, additionally, prior to the time which of necessity would have been allowed had other preliminary motions been made."

Section 19(a) of the Bankruptcy Act, 11 U.S.C. § 42(a), provides for a limited right to a jury trial which "shall be deemed to have been waived" in the absence of a timely written application.[3] (Italics added.)

---

[1]. The affidavit in support of motion states service was made on July 20th.

[2]. The Clerk's docket shows it was filed on August 8, 1967.

[3]. A person against whom an involuntary petition has been filed shall be entitled to have a trial by jury in respect to the question of his insolvency, except as herein otherwise provided, and of any act of

■ The alleged bankrupt concedes that the demand for a jury trial was not filed within the time fixed by the statute for filing an answer unless extended by leave to amend. Its claim to timeliness seems to rest upon its supposed right to file an amended answer,[4] presumably under the provisions of the Federal Rules of Civil Procedure.[5]

The alleged bankrupt asserts the further ground that the filing of an answer might have been delayed by the making of "other preliminary motions." The short answer to these contentions is that, in fact, there was neither an amended answer nor "other preliminary motions."

■ As has been indicated, the failure to file a written application for a jury trial "at or before the time within which an answer may be filed" constitutes a waiver. The alleged bankrupt "may appear and plead to the petition within five days after the return day or within such further time as the court may allow." Bankruptcy Act, § 18.b., 11 U.S.C. § 41(b). There was no application, nor was there an order extending the time within which to answer.

■ The time within which to answer and within which the application for a jury trial must have been filed was five days after the return date. The last

day within which to answer as set forth in the subpena was July 31, 1967.[6]

In this case, the return day was July 26th; service was made at least five days prior thereto (July 21st); and the alleged bankrupt was required to appear and plead within five days thereafter (July 31st).

That the language of § 18 of the Bankruptcy Act is confusing[7] and has been criticized[8] is recognized.

■ In this case, even if the most liberal interpretation were placed upon the section and July 31st were treated as the return day instead of the last day "to appear and plead" (the appearance day), the bankrupt would be obliged to appear and plead to the petition on or before August 5th. The last day to answer would be computed under § 31 of the Bankruptcy Act, 11 U.S.C. § 54,[9] which includes the last day unless it falls on a Sunday or holiday. The Federal Rules of Civil Procedure, being inconsistent, would not apply.[10]

Since the demand for a jury trial was not timely, the petitioning creditor should not be compelled to accept the demand.

## DISCRETIONARY RELIEF

■ The alleged bankrupt excuses his failure to make a timely demand for a

bankruptcy alleged in such petition to have been committed, upon filing a written application therefor at or before the time within which an answer may be filed. If such application is not filed within such time, a trial by jury shall be deemed to have been waived. Bankruptcy Act, § 19(a).

4. Designated "reply" in moving papers.

5. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. F.R.Civ.P. 15(a).

6. It is to be noted that in Official Form No. 6, "Subpoena to Alleged Bankrupt" the day to be filled in is the appearance day, not the return day. See 2 Collier, Bankruptcy 103 (14th ed. 1966).

7. See 2 Collier, Bankruptcy 101 et seq. (14th ed. 1966).

8. See 2 Collier, Bankruptcy 103 et seq. (14th ed. 1966).

9. Whenever time is enumerated by days in this title, or in any proceeding in bankruptcy, the number of days shall be computed by excluding the first and including the last, unless the last fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a legal holiday.

10. In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding. General Orders in Bankruptcy, No. 37.

jury trial on "vacation schedules" and "a lack of acquaintance with the limitations of time appropriate under the Bankruptcy Act." Because of these facts, he requests that "the Court in the discretion granted to it under the Bankruptcy Act and the Federal Rules of Civil Procedure * * * compel the acceptance of the aforementioned Demand for Jury Trial." There is considerable doubt in my mind that affording the alleged bankrupt the relief he requests would alter the fact that under the statute he has waived his right to a jury trial. The refusal to accept the demand merely demonstrates that the petitioning creditor did not waive movant's non-compliance with the statute but would not affect the statutory command that failure to timely apply for a jury trial results in a waiver of the right to one.

▆▆ However, adjudication or dismissal of a petition is a matter which should not be delayed,[11] and even though I feel that a motion addressed to discretion relating to the mode of trial of a bankruptcy proceeding should be directed to the Referee in the first instance, I will treat the motion as one under the provisions of F.R.Civ.P. 39(b) requesting that a trial by jury of the issues permitted by the Bankruptcy Act be had in spite of the failure to timely demand it.

The excuses offered by the alleged bankrupt for the delay in demanding a jury trial appear to claim a mere inadvertence which would require a dismissal of the motion without resort to discretion. In fact, the exercise of discretionary relief, in this circuit, would constitute reversible error. See Noonan v. Cunard Steamship Co., 375 F.2d 69 (2d Cir. 1967).

▆ Assuming the allegations in support of the motion did not constitute "mere inadvertence" they nevertheless do not allege facts appealing to the exercise of discretion in favor of excusing the waiver and directing a jury trial.

A jury trial cannot be had as to all of the issues [12] raised by the answer. "There is, of course, not the slightest reason to doubt that a judge is quite as able as a jury to make a fair determination * * *." Id. at 72. The same reasoning applies to a Referee's ability in questions of insolvency and acts of bankruptcy, questions of the sort Referees have been deciding since the office of Referee in Bankruptcy was first created by the Bankruptcy Act of 1898.

The reasons advanced for the failure to demand a jury trial are unimpressive. Little effort and but a few minutes time would have dissipated the alleged "lack of acquaintance" with the provisions of the Bankruptcy Act. Reference to § 19 of the Bankruptcy Act, not an elusive section, indexed in the Act under "Jury trial," would have resolved the problem. Form #7 of the official forms in bankruptcy, "Answer of Alleged Bankrupt," clearly sets forth in the illustrative prayer for relief the alternative "that the issues presented * * * may be determined by the court [or by a jury]." The refusal or neglect to expend the little effort necessary to avoid pleading "lack of acquaintance" with the relevant provisions of the Bankruptcy Act are hardly an impelling reason for the exercise of discretion by the court in favor of the movant. It is also significant that the demand for a jury trial was not made until after the Referee scheduled a hearing in accordance with this duty under the reference to him and the provisions of the Bankruptcy Act. This smacks more of dilatory tactics than a real desire for a jury trial.

The recent history of the court would indicate that jury trials in bankruptcy proceedings such as this do not find favor with practitioners in that field. Senior Judge Brennan advises me that he

---

11. If on the last day within which pleadings may be filed none is filed, the court shall on the next day, or as soon thereafter as practicable, make the adjudication or dismiss the petition. § 18e, Bankruptcy Act, 11 U.S.C. § 41e.

12. See footnote 3.

is unaware of any jury trials in such a proceeding in the past twenty years.

For the reasons herein stated and as a matter of law and in the exercise of discretion the motion of the alleged bankrupt for an order directing the petitioner herein to accept a demand for a jury trial or in the alternative for an order directing a jury trial of the issues herein pursuant to the provisions of § 19 of the Bankruptcy Act should be denied.

Submit order.