TRANSPORT INDEMNITY COMPANY,
an Insurance Corporation, and Insured
Transporters, Inc., Plaintiffs,

v.

HOFER TRUCK SALES et al.,
Defendants.

No. KC–3342.

United States District Court,
D. Kansas.

Dec. 28, 1971.

Larry E. Benson, of Weeks, Thomas, Lysaught, Bingham & Johnston, Chartered, Kansas City, Kan., for plaintiffs.

Randall D. Palmer, Keller, Wilbert, Palmer & Lassman, Pittsburg, Kan., Truman K. Eldridge, Jr., Kansas City, Mo., for Hofer Truck Sales.

Lawrence M. Walker, of Walker & Phalen, Pittsburg, Kan., for Overland, Inc.

Keeth R. Jones, Pittsburg, Kan., for Orlando.

Robert E. Fabian, of McAnany, Van Cleave & Phillips, Kansas City, Kan., for Sober, Inc.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

The motion to dismiss of defendant Overland, Inc., raises the question of the jurisdiction of the District Court in this matter.

Overland, Inc. filed a voluntary petition for adjudication as a bankrupt and was so adjudicated on March 15, 1971. After this suit was filed on May 26, 1971, Overland, Inc. moved to dismiss

the petition as well as the cross-petition of defendant Howard Sober, Inc. on the ground that the Bankruptcy Court had exclusive jurisdiction over the claims made herein.

Plaintiffs' claim against Overland, Inc. and the other defendants arises out of the theft and modification of two new International Harvester truck tractors which plaintiff Insured Transporters, Inc. was transporting from California to Kansas City, Missouri. Insured Transporters, Inc. left the trucks with defendant Howard Sober, Inc. in Kansas City, Kansas, from where they were allegedly stolen because of the negligence of that defendant. One of the trucks was later found on the premises of Overland, Inc. and was abandoned by the Trustee in Bankruptcy as burdensome property as of May 10, 1971. Defendants James Orland, Jr. and Overland, Inc. are alleged to have intentionally and willfully converted and intentionally damaged plaintiff's trucks in an effort to modify them; and defendants Hofer Truck Sales, Inc. and Henry Kunchek are alleged to have had unlawful possession of plaintiff's trucks. The gist of plaintiff's claim against Overland, Inc. appears to be in tort, based on the willful, malicious and intentional damage inflicted on the trucks, and Overland, Inc.'s participation in the theft and disposal of both vehicles.

The narrow question presented by the motion of defendant Overland, Inc. is whether this court or the bankruptcy court should determine if plaintiffs' claim against Overland, Inc. is dischargeable.

■■■ The question of dischargeability is normally one for the Bankruptcy Court, and the District Court defers its jurisdiction of the matter. Certainly, there is no right to jury trial on the issue of dischargeability. More important in this case, there is also the question of the liability in tort of the defendants to plaintiffs. The parties have demanded a jury trial to determine that issue, as is their right. A jury trial having been timely demanded, and otherwise proper, places the matter before the District Court rather than the Bankruptcy Court. (See, Proceedings, Judicial Conference of the United States, 22 (1960) and 1A Collier on Bankruptcy, Section 17.28A, p. 1742.4).

Congress has specifically provided in Section 17c(5) of the Bankruptcy Act (11 U.S.C. Section 35) that the right to a jury trial is not affected by the provisions of the act regarding the dischargeability of a debt. In light of the parties' right to a jury trial on the question of tort liability, should not the District Court as an incident to its exercise of jurisdiction also determine the question of dischargeability?

By provisions of Section 17a(2) and (8) of the act, certain willful and malicious injuries, though provable in bankruptcy, are excepted from discharge. From the pleadings, it appears that plaintiffs' claim may fall within one of the exceptions provided in Section 17a(2) and (8). Determination of the unliquidated tort claim would, for all practical purposes, undoubtedly dispose of the dischargeability issue as a matter of law. At any rate, no good reason has been made to appear why both issues cannot be determined in the District Court as a matter of judicial efficiency and expediency. The court is unable to find anything in the Bankruptcy Act whereby it is deprived of jurisdiction under the facts and circumstances of this case.

What has been said also has equal application to Overland, Inc.'s motion to dismiss the cross-complaint of the defendant Howard Sober, Inc.

It is therefore by the court ordered that the separate motions to dismiss of defendant Overland, Inc. be and the same are hereby overruled.