**In the Matter of John Francis PALFY, Bankrupt.**

**No. B71–1203.**

United States District Court,
N. D. Ohio, E. D.

Jan. 9, 1972.

Julian Cohen, Cleveland, Ohio, for bankrupt.

Harvey S. Morrison, Cleveland, Ohio, for creditors.

## ORDER

KRUPANSKY, District Judge.

This proceeding has been transmitted to the District Court by the Bankruptcy

---

Referee for a hearing before a jury at the bankrupt's request and as authorized by § 17a(2) and § 17c(5) of the Bankruptcy Act of 1898, to determine the non-dischargeability of certain debts.

The Referee's transmittal was in keeping with the policy of the Judicial Conference of the United States discouraging Referees in Bankruptcy from conducting jury trials. *See* Report of the Proceedings of the Judicial Conference of the United States, March 1960, at page 22.

The instant case presents two issues to the Court: the bankrupt's right, to jury trial; and the conduct of such trial by a Referee. Neither of these two questions have been finally determined by a Court in this Circuit.

Congress has authorized Bankruptcy Referees to determine the dischargeable debts of a bankrupt. 11 U.S.C. § 11. While not expressly granting to the bankrupt the privilege of trial by jury on the issue of discharge, Congress has preserved such right where it preexists. Section 17 of the Bankruptcy Act 11 U.S.C. § 35(c) (5) states:

> Nothing in this subdivision shall be deemed to affect the right of any party, upon timely demand, to a trial by jury where such right exists.

■ Congressional objective in enacting this Title was to secure for creditors as well as bankrupts the efficient and fair administration of estates. Curtis v. Drybrough, 70 F.Supp. 151 (D.C.Ky. 1947). The usual modes of trial attended by necessary delay were disposed of by the enactment insuring prompt and effective administration and settlement of the bankrupt's estate by creating a special forum in which the bankruptcy proceedings could be expeditiously handled. Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

■ The Bankruptcy Referees are experts, learned in the field of bankruptcy law and skilled in the specialized practice of the Bankruptcy Court. The Referee's Certificate of Transmittal, indicated no delineation of issues requested to be submitted to the jury. This action was initiated by certain creditors to determine the dischargeability of specified debts of the bankrupt. Notwithstanding the provisions of the Bankruptcy Act, *supra*, the Court finds no constitutional or statutory right to a trial by jury on the issue of dischargeability. If such right to jury trial exists in the instant case, it exists by virtue of other outstanding issues. *See* Countryman, The New Dischargeability Law, 45 American Bankruptcy Law Journal, 1 at 35 (1971).

 It is upon the Bankruptcy Referee, in the first instance, to determine the existence of a right to jury trial. Mere request by a bankrupt does not impose the right.

■ Notwithstanding expressions of the Judicial Conference to the contrary, and absent constitutional or statutory limitations thereon, the Bankruptcy Referee is empowered to conduct jury trials arising under the Bankruptcy Act and its related sections.

This matter is remanded to the Bankruptcy Referee for further proceedings in accordance with this Order.