**In the Matter of Donald Lloyd HINCHEY, Bankrupt.**

**No. B71-3721.**

United States District Court, D. Oregon.

Oct. 2, 1972.

Marvin J. Hollingsworth, Hollingsworth & Varnes, Portland, Or., for bankrupt.

Richard Deich, Deich, Deich & Hinton, Portland, Or., for petitioner, United Finance Co. of McMinnville.

OPINION

SKOPIL, District Judge.

Petitioner, United Finance Co. of McMinnville, Oregon, a creditor, filed an application for a determination of the dischargeability of its claim under the provisions of Section 17(c)(2) of the

Bankruptcy Act.[1] It requested a jury trial upon the issues, including the dischargeability of its claim. The referee, The Honorable Folger Johnson, Jr., ruled that the creditor was not entitled to a jury trial. United Finance Co. of McMinnville filed a petition for review, and the matter has been certified to this Court.

The petition states the same facts resolve the issue of dischargeability and liability. It should not be required to present to the referee evidence on the issue of dischargeability and, if successful, then present to a jury the same evidence on liability.

Petitioner maintains it is entitled to a jury trial under the provisions of the new Dischargeability Law, 11 U.S.C.A. § 35 (Supp.1972). Section 17(c)(5) provides:

> Nothing in this subdivision (c) shall be deemed to affect the right of any party, upon timely demand, to a trial by jury *where such right exists*. (Emphasis added.)

Prior to the enactment of the new Dischargeability Law, many creditors, after the bankrupt had been discharged, instituted action in the state courts on an obligation to them. The pleadings: creditor's complaint alleging liability of the bankrupt; the answer specifying the bankrupt's discharge as a defense; and the reply contending the particular obligation was not discharged because of the fraudulent conduct of the bankrupt. The issues framed were tried by a jury unless, by waiver or stipulation, the matter was submitted to the court. The petitioner maintains this prior procedure establishes the existence of its right to a jury trial on the dischargeability of its claim.

This question has been discussed at length by Vern C. Countryman, The New Dischargeability Law, 45 Amer. Bankr.L.J. 1; by Lawrence King, 1A Collier on Bankruptcy, 17.28A(6) at p. 1742.2; and by Asa S. Herzog, The Case for Jury Trials on the Issue of Discharge-

ability, 46 Amer.Bankr.L.J. 235. Professor Countryman and Professor King, both of whom participated in the drafting of the new law, maintain that a right to a jury trial on dischargeability has never existed. Therefore, a jury trial on dischargeability is not preserved by Section 17(c)(5) of the 1970 Dischargeability Law.

Referee Herzog, a member of the National Bankruptcy Conference and the Judicial Advisory Committee on Bankruptcy Rules, arrives at a different conclusion. In his opinion In re Law Research Service, Inc., No. 71–B–598 (S. D.N.Y.1971) (Referee's Opinion), he reasoned that by the enactment of Section 17(c)(5) Congress provided:

> . . . for the right to submit to a jury matters in controversy, i. e., questions arising on applications to determine dischargeability. So while the Seventh Amendment does not guaranty that right, and while jury trials do not ordinarily exist respecting estates in the custody of the bankruptcy court, Congress has now said that the right does exist in the area of dischargeability where the same issues of fact would be resolved by a jury had the matter been left with the state court. (Referee's Opinion at 11–12.)

The question has been considered in a number of cases. They are In re Law Research Service, Inc., supra; In re Palfy, 336 F.Supp. 1268 (N.D.Ohio 1972); Transport Indemnity Co. v. Hofer Truck Sales, 339 F.Supp. 247 (D.Kan.1971); In the Matter of George Forth, No. 71–90–B (U.S.D.C., E.D., Mich. S.D.1971) (Referee's Opinion); and In the Matter of Swope, 466 F.2d 936 (7th Cir. 1972).

In *Transport Indemnity*, the court agreed there was no right to a jury trial on the issue of dischargeability, the question of tortious liability being the important issue. Since the parties were entitled to a jury trial on that issue, the matter was properly before the district court rather than the bankruptcy court.

1. 11 U.S.C.A. § 35(c)(2) (Supp.1972).

Also, a determination of the tort claim would dispose of the dischargeability issue, and the district court, as a matter of "judicial efficiency and expediency" should determine both issues.

In *Palfy*, the court found no constitutional or statutory right to a jury trial on the issue of dischargeability alone. The policy of the Judicial Conference of the United States discouraging referees from conducting jury trials was noted.[2] Judge Krupansky, nevertheless, felt referees were empowered to conduct jury trials, but that no jury issue was presented.

The *Swope* case represents the only Circuit Court of Appeals decision. The creditor claimed the debt to be nondischargeable because of false representations of the bankrupt. The court favored the position taken by Professor Countryman, The New Dischargeability Law, *supra*, and Professor King, 1A Collier on Bankrupcty, *supra*. It reasoned Section 17(c)(5) was not intended to add or extend the right to a jury trial but preserved the right to a jury trial where one existed prior to its enactment. There was no prior right to a jury trial on the issue of dischargeability; it was solely a matter for the court.

The diversity of opinion evidenced by the court decisions and the articles written by established authorities offers little security to this Court in its decision. It is necessary to consider the purpose of the Bankruptcy Act and the intent of Congress in enactment of the new Dischargeability Law.

■ A chief purpose of the bankruptcy laws is to provide for prompt and efficient administration of bankrupts' estates without the usual modes of trial and the attendant delays. Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L. Ed.2d 391 (1966). Special bankruptcy courts were expressly created and granted original jurisdiction to effectuate this purpose and to conduct proceedings under the Bankruptcy Act.

■ The Court has examined the legislative history.[3] A letter from Royal E. Jackson, Chief, Division of Bankruptcy, Administrative Office of the United States Courts, and an explanatory memorandum of the National Bankruptcy Conference are a part of the House Report. Congress obviously intended to have matters heard in the bankruptcy court and a final disposition made. A purpose of new legislation was to prevent further harassment of the bankrupt after discharge. It hoped to preclude a creditor from commencing an action in the state courts requiring the bankrupt to expend funds and appear in defense of a claim which was a part of the bankruptcy proceedings.

This intent is further evidenced by other provisions in the new law. Section 17(c)(1) allows the bankrupt to apply to the bankruptcy court to determine the dischargeability of a particular debt.[4] A creditor is also afforded this right. It is not necessary to wait until action is filed in the state court for a finding on the issue of dischargeability of a particular debt.

■ Section 17(c)(3) outlines the procedure where application has been made for determination of discharge of a particular debt.[5] It enlarges the jurisdiction of the referee to decide all issues between the parties upon a finding the particular debt is nondischargeable. The court may make all orders necessary to effectuate its determination, including the entrance of a judgment. The creditor may obtain a judgment without resorting to state court proceedings, the amount of the debt determined by the referee.

The policy of the Judicial Conference of the United States against bankruptcy

---

2. 1960 Report of the Judicial Conference of the United States 22.

3. H.R.Rep. 91–1502, 91st Cong., 2 U.S. Code Congressional and Administrative News, 1970, p. 4156.

4. 11 U.S.C.A. § 35(c)(1) (Supp.1972).

5. 11 U.S.C.A. § 35(c)(3) (Supp.1972).

referees trying jury matters has not changed. If it be determined that a creditor or bankrupt is entitled to a jury trial on the issue of dischargeability, it would have to be heard by district judges. In view of the increase in the case load of the Federal Judicial System, it is unlikely that Congress intended to add to the work of the district courts. The allowance of a jury trial on the issue of dischargeability, whether made pursuant to Section 17(c)(1) or Section 17(c)(2), would place an added burden upon both district judges and referees in bankruptcy.

The allowance of a jury trial would defeat the purpose for which Congress enacted the new law. There is no right to a jury trial on the issue of dischargeability.

That part of the order of the referee, The Honorable Folger Johnson, denying the petitioner's demand for jury trial on the issue of dischargeability, is affirmed.