**In the Matter of Lawrence Alfred MALTZ, Bankrupt.**

**No. 71 B 319.**

United States District Court, E. D. New York.

Nov. 10, 1972.

**28**

---

Leonard M. Weil, New York City, for creditors.

Mostel & Segal, New York City, for bankrupt.

### MEMORANDUM AND ORDER

NEAHER, District Judge.

This is a petition to review an order by Referee in Bankruptcy Manuel J. Price, denying bankrupt's motion to have the issue of the dischargeability of debts due from the bankrupt to creditors Arlene Maltz and Leonard M. Weil, Esq. tried before a jury. For the reasons set forth below the referee's order is confirmed.

On March 30, 1971, Lawrence Alfred Maltz filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. On the same day the referee signed an order calling a first meeting of creditors and directing the bankrupt to appear for examination. The order also fixed May 26, 1971 as the day for the filing of applications to determine the dischargeability of debts claimed to be non-dischargeable pursuant to clauses (2), (4) and (8) of Section 17(a) of the Bankruptcy Act, 11 U.S.C. § 35(a). On May 24 creditors Arlene Maltz and Leonard Weil, Esq. filed applications pursuant to Section 17(c)(1)[1] of the Bankruptcy Act, 11 U.S.C. § 35(c)(1), to have their debts declared non-dischargeable.[2] On August 9, 1971 Referee Price issued a notice of Entry of Order of Discharge and gave notice to the bankrupt and objecting creditors that a hearing on the creditors' applications would be held on September 7, 1971.[3] The hearing was first adjourned from September 7 to October 12 and finally set for October 21, 1971. On that date Referee Price held a pre-trial conference at which both parties asked for a further adjournment in order to complete discovery pursuant to rules 26 to 38 of the Federal Rules of Civil Procedure. The trial was adjourned to January 17, 1971. On December 20, 1971, the bankrupt filed a motion, returnable on January 6, 1972, just eleven days prior to the trial date, requesting a jury trial on the issue of dischargeability pursuant to § 17(c)(5) of the Bankruptcy Act, 11 U.S.C. §

---

1. Section 17(c)(1) reads:
   The bankrupt or any creditor may file an application with the court for the determination of the dischargeability of any debt.

2. These debts were claimed by creditors to be non-dischargeable under Section 17(a)(7) of the Bankruptcy Act. 11 U.S.C. 35(a)(7). This reads in pertinent part:
   A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . are for alimony due or to become due, or for maintenance or support of wife or child.
   . . . .

As such the creditors were not obligated, but were permitted, to file their application for a determination of dischargeability prior to May 26. See § 17(c)(1).

3. The notice read in pertinent part:
   (4) Notice is hereby given that the hearing on the applications of said Arlene Maltz and Leonard M. Weil will be held on September 7, 1971, at 2 P.M., in the Referee's Court Room, 343, United States Court House, 225 Cadman Plaza East, Brooklyn, New York.

35(c)(5).[4] The motion was denied and a certificate of review was issued by Referee Price.

On review the bankrupt contends his demand for a jury trial was timely under rule 38(b) of the Federal Rules of Civil Procedure and even in the event that it was not the referee abused his discretion in not granting a jury trial pursuant to rule 39(b) of the Federal Rules of Civil Procedure. The bankrupt argues that since § 17(c)(5) of the Bankruptcy Act makes no provision for the time in which the demand for a jury trial must be made, the matter is governed by rule 38(b), which reads:

> (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

This contention is correct. However, he also argues that applications for a determination of dischargeability of , the debts, submitted by the creditors on May 24, cannot be considered pleadings for the purposes of rule 38. Thus the right to demand a jury trial ran until at least the day set by the referee for the evidentiary hearing. This argument is without merit.

As noted above, the initial date for the hearing was set for September 7, 1971. It was adjourned to October 12 and finally to October 21. On October 21 the bankrupt and both creditors appeared before Referee Price. A conference was held in the referee's chambers at which both sides stressed the necessity for pre-trial discovery and requested that trial be adjourned to January 17, 1972. However, the bankrupt made no demand for a jury trial.

The instant matter is closely analogous to the situation in Brunwasser v. Suave, 400 F.2d 600 (4 Cir. 1968), cert. denied 393 U.S. 1083, 89 S.Ct. 868, 21 L.Ed.2d 777 (1970). There an attorney moved the court on July 14, 1967 to allow him a reasonable fee for legal services rendered in obtaining a $3,000 jury verdict for his client. The attorney notified the client that he would bring the motion on for a hearing and determination on August 25, 1967. Both parties appeared before the judge on August 25 and the client challenged the court's jurisdiction to grant the requested relief. The court overruled the jurisdictional objection and subsequently scheduled the matter for a hearing on its merits. Prior to this testimonial hearing the client demanded a jury trial. The hearing was held without a jury, a fee was granted, and the client appealed. The Court of Appeals affirmed the award, rejecting the client's claim that the judge erred in not allowing a jury trial, and noted that the client had failed to file his demand until over 90 days after the attorney's motion had been filed. The court held that although there was no need for a written answer to the motion it was the last pleading directed to the issue and started the running of the 10-day period in rule 38(b). However, the appellate court did not rest its affirmance solely on this point. The client's appearance at a non-testimonial proceeding, without filing a demand, over a month after the filing of the attorney's motion was held fatal to his claim.

■ In the instant case the facts militate even more strongly against a reversal of the referee's ruling. Here the

4. Section 17(c)(5) reads:
   Nothing in this subdivision shall be deemed to affect the right of any party, upon timely demand, to a trial by jury where such right exists.

bankrupt, without demanding a jury, participated in a non-testimonial proceeding in the matter after more than 120 days had elapsed since the creditors' original application. In addition he delayed in setting down his motion for a jury trial until just 11 days prior to the date set for trial. The bankrupt should have filed his demand for a jury trial within 10 days after creditors' applications were served on him; his waiting until after he participated in a proceeding on the matter further established his waiver of rights under rule 38(b).

The bankrupt's contention that the referee abused his discretion in not granting a jury trial pursuant to rule 39(b) of the Federal Rules of Civil Procedure deserves little consideration. Rule 39(b) reads in pertinent part:

(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

The bankrupt grounds this contention on his misunderstanding of Section 17(c)(5) of the Bankruptcy Act. The relevant amendments to Section 17 became operative on December 18, 1970, and the creditors' applications were filed on May 24, 1971. Counsel thus had more than adequate time to familiarize himself with the statute.

Furthermore, the statute's application to the bankrupt's case is hardly unclear. It simply provides "nothing in this subdivision shall be deemed to affect the right of any party, *upon timely demand,* to a trial by jury where such right exists" (emphasis supplied). The bank-

rupt contends this provides for a jury trial in numerous instances not contemplated by previous Bankruptcy Acts. This argument is doubtful. In re Hinchey, 349 F.Supp. 116 (D.C.Ore.1972). But even were it so it would be of no help to bankrupt on this review. The critical issue is not the availability of a jury trial but the time in which to demand it, and this has been clear since the addition to Section 17(c)(5). As the bankrupt admits, the time limit is governed by rule 38 of the Federal Rules of Civil Procedure and the clarity of that rule may not be questioned. As was said in In re Maley Tire Co., 273 F. Supp. 369, 372 (N.D.N.Y.1967), "[l]ittle effort and but a few minutes time would have dissipated the alleged 'lack of acquaintance' with the provisions of the Bankruptcy Act."

The court is further convinced the delay was not caused by any lack of understanding of Section 17(c)(5) of the Bankruptcy Act because no case law interpreting the statute issued between the time the creditors' applications were filed and the bankrupt's tardy demand. Indeed bankrupt's counsel so admits in his brief submitted to this court. In sum, he had the same legal tools at his disposal ten days after the filing of the applications as he did on December 20, 1971. It was only necessary to serve the jury demand within ten days of the filing of creditors' applications and then await the referee's decision as to whether the matter was one where a right to trial by jury existed. The referee was correct in denying discretionary relief pursuant to rule 39(b). See, In re Maley, *supra.*

The referee's order is confirmed and the petition to review is dismissed.

So ordered.