**In the Matter of John David SNEIDER, Bankrupt.**

**No. 72 B 629.**

United States District Court, S. D. New York.

April 11, 1973.

Steven G. Pinks, Melville, N. Y., for bankrupt.

David Peterman, Yonkers, N. Y., for objecting creditor Beneficial Finance Co. of New York, Inc.; William Scheinberg, Brooklyn, N. Y., of counsel.

COOPER, District Judge.

Creditor's motion for an order determining that the bankrupt is not entitled to a jury trial on the issue of dischargeability is granted. The matter is remanded to the Referee in Bankruptcy for a hearing on the issue of dischargeability and for such other and further relief as the Bankruptcy Court may deem just and proper. In Re Swope, 466 F.2d 936 (7th Cir.), cert. denied, 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973).

The bankrupt, John David Sneider, filed his petition in bankruptcy on June 20, 1972. On September 22, 1972, the creditor, Beneficial Finance Co. of New York, filed an application to determine the dischargeability of an obligation pursuant to § 17a(2) of the Bankruptcy Act, 11 U.S.C.A. § 35a(2). On September 28, 1972, the bankrupt filed with the Hon. Howard Schwartzberg, Referee in Bankruptcy, a demand for jury trial. On October 31, 1972 the Referee referred the matter to the District Court for hearing and jury trial. We now undertake to respond thereto.

The bankrupt contends that he is entitled to a jury trial on the issue of dischargeability pursuant to the 1970 amendments of Section 17 of the Bankruptcy Act. These amendments authorize the Bankruptcy Court to determine dischargeability of a bankrupt's obligations pursuant to application of the bankrupt or his creditor and to enter judgment and to accord all necessary and appropriate relief on claims determined to be nondischargeable. The amendments specifically added Section 17(c)(3) and (5) which provide as follows:

"(3) After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof. A creditor who files such application does not submit himself to the jurisdiction of the court for any purposes other than those specified in this subdivision."

\*   \*   \*   \*   \*   \*

"(5) Nothing in this subdivision shall be deemed to affect the right of any party, upon timely demand, to a trial by jury where such right exists."

11 U.S.C.A. § 35(c)(3) and (5).

Prior to the 1970 amendments the Bankruptcy Court upon application could determine the dischargeability of a claim and stay suits against the bankrupt in other courts pending such determination. However, once discharge was

granted, its effect upon the creditor's claim was within the discretion of the court in which the creditor sought enforcement. Fallick v. Kehr, 369 F.2d 899 (2d Cir. 1966); In re Scheffler, 68 F.2d 902 (2d Cir. 1934); In Matter of Law Research Service Inc., No. 71–E–598 (S.D.N.Y.) December 9, 1971. Where no application to the Bankruptcy Court was made, the issue of dischargeability was often passed upon by a jury in a state court proceeding and thus the bankrupt's defense to an action on the creditor's obligation was dealt with. In both situations, factual issues relevant to the question of discharge were submitted to the jury for their determination whether an alleged discharge precluded enforcement of the creditor's claim.

The bankrupt contends that § 17(c)(5) must be interpreted as preserving his right to jury trial in the bankruptcy court because prior to the amendments his claim of dischargeability would have been considered by the jury in the court in which the creditor sought to enforce his claim. To support this position he cites: In Matter of Law Research Service Inc., supra, Herzog, The Case for Jury Trials on the Issue of Dischargeability, 46 Am.Bankr.L.J. 235 (1972).

However, after consideration of the amendments, their legislative history and the authorities who have considered the issue, we conclude there is no constitutional or statutory right to a jury trial on the issue of dischargeability. In Re Swope, supra; In re Hinchey, 349 F.Supp. 116 (D.Or.1972); In the Matter of Caporlingua, 72 F. 803 (E.D.N.Y.) December 1, 1972. See also 2 U.S.Code Cong. and Admin.News, 91st Cong., 2d Sess. 1970, pp. 4156–4164; Hearings before subcommittee of House Judiciary Committee on S.J.Res. 88, H.R.6665 and H.R.12250, 91st Cong. 1st Sess. 69, 78 (1969). See also Countryman, Jury Trials on Dischargeability—A Reply to Referee Herzog, 46 Am.

Bankr.L.J. 305 (1972); Countryman, The New Dischargeability Law, 45 Am. Bankr.L.J. 1 (1971); 1A Collier on Bankruptcy, § 17.28A[6] (14th ed. 1971).

■■ The right to trial by jury in any proceeding is determined by the nature of the issue presented. Fed.R.Civ. P. 38(b). Those issues as to which there is no right to jury trial are tried to the court. Thus, when a creditor sues on a claim as to which he is entitled to jury trial and the debtor pleads discharge as a defense, the issue of dischargeability is for the court to resolve as a defense in equity even though the creditor's claim is a question for the jury. Fed.R.Civ.P. 38(b), 81(a); General Order No. 37. While in many instances the court might exercise its discretion and submit to a jury factual issues common to the creditor's claim and the bankrupt's defense of dischargeability, this was done "as a mere matter of judicial convenience rather than [out of] a recognition of a right to trial by jury of that issue." Countryman, The New Dischargeability Law, supra, at pp. 39–40. As one of the principal architects of the 1970 amendments has stated:

"[T]here is no constitutional or statutory right to jury trial on the issue of dischargeability as such. If there is a right to jury trial, it is because of other issues involved in the case. In the present context, that proposition means that a right to jury trial exists only if it is accorded because of the nature of the creditor's claim. There frequently will be a right to jury trial on issues of the existence and amount of liability. There is at present no [federal or state] right to jury trial, constitutional or statutory, on the issue of dischargeability. * * * there is no right to jury trial on the issue of dischargeability regardless of how, or in what tribunal, the issue arises."

Countryman, The New Dischargeability Law, supra, at pp. 35–36.

■ Consideration of the purpose of the Bankruptcy Act leads us to the same conclusion. The bankruptcy laws established a separate and independent procedure for determining matters within their jurisdiction so that debtor and creditor might obtain prompt judicial relief and not be subject to the delays inevitably characteristic of our incessantly burgeoned regular trial dockets. In Re Hinchey, supra.

■ The 1970 amendments were enacted with the clear intent to further effectuate this purpose. Prior thereto the effect of a discharge granted by the Bankruptcy Court was subject to determination by any court in which a creditor sought to enforce his claim. Such a discharge was of little practical value since the bankrupt was often compelled to relitigate the identical issues upon which the Bankruptcy Court had already rendered judgment. To preclude such harrassment, Congress authorized the Bankruptcy Court to render judgment and grant appropriate relief on all matters pertaining to the creditor's claim. See Herzog, The Case for Jury Trials on the Issue of Dischargeability, supra at 236; Hearing on H.R.6665 and H.R. 12250, supra at 73.

The policy of the Judicial Conference of the United States is that referees in bankruptcy should not try jury cases. In re Caporlingua, supra; In re Hinchey, supra. We have found nothing to suggest that the policy is any less applicable to the new dischargeability law. Compelling the Bankruptcy Court to hold jury trials on the issue of dischargeability would not alone contradict the policy of the Judicial Conference but also increase significantly the caseload of the federal judicial system already overburdened.

The language of the Bankruptcy Act and of the 1970 amendments in particular is equally consistent with our conclusion. In those instances where the draftsmen intended to confer or preserve a right to jury trial, their intent is clear and unmistakable. See § 19(a), 11 U.S.C.A. § 42(a); § 17c(2), (4), 11 U.S.C.A. § 35c(2), (4). That they did not similarly specifically provide by § 17c(5) demonstrates their unwillingness to create a right to jury trial on the issue of dischargeability.[1] In re Caporlingua, supra.

We resolve only that as to the issues of dischargeability per se, § 17c(5) does not confer a right to jury trial.

So ordered.

---

1. Because the 1970 amendments authorize the Bankruptcy Court to adjudicate all remaining issues with respect to debts determined to be nondischargeable, the court may summon a jury to resolve factual questions common to the issues of dischargeability and those issues of liability and damages as to which a right to jury trial exists. See Countryman, Jury Trials on Dischargeability—A Reply to Referee Herzog, 46 Am.Bankr.L.J. 305, 307 (1972).