In the Matter of Alfred Lawrence MER-
RILL, a/k/a Larry Merrill, Bankrupt.

WALTER E. HELLER & COMPANY OF
ALABAMA, a corporation, Plaintiff,

v.

Larry MERRILL, Caroline Merrill, D.
Wayne Merrill and Susan Merrill,
Defendants.

Civ. A. No. 77–A–0169–S.

United States District Court,
N. D. Alabama, S. D.

May 23, 1977.

Richard F. Ogle, Denaburg, Schoel, Meyerson & Ogle, Birmingham, Ala., for plaintiff.

R. B. Jones, Jones & Monroe, Birmingham, Ala., for bankrupt defendant.

## MEMORANDUM OPINION

ALLGOOD, Senior District Judge.

This is an appeal of an order filed January 4, 1977, by the Bankruptcy Judge granting judgment to the plaintiff, Walter E. Heller and Company of Alabama (hereinafter referred to as Heller), on its complaint alleging that the debt owed it by defendants Larry Merrill, Caroline Merrill, D. Wayne Merrill and Susan Merrill was not dischargeable under Section 17 of the Bankruptcy Act. The principal contentions before the court on this appeal are: (1) whether a judgment rendered on a jury verdict for the defendants Caroline Merrill, D. Wayne Merrill and Susan Merrill in the Circuit Court of Jefferson County on their guaranty agreements covering these loans estops the plaintiff from bringing the instant action; and (2) whether the defendant is entitled, on demand, to a jury trial of the issue of the dischargeability of the debt herein involved.

Contemporaneous with his Order Granting Judgment, the Bankruptcy Judge filed his Findings of Fact and Conclusion of Law which revealed the following course of events: The plaintiff entered into several agreements with companies owned and controlled by the defendants which provided for the advance of money to the defendants on the security of accounts receivable of the defendants' companies. Under the agreements, the defendants were to receive as a loan, 80% of the face value of the accounts receivable assigned to Heller and the agreements further provided that:

At the time of assignment, each account receivable represents and will represent an undisputed bonafide sale and delivery of goods or services rendered, or both (or in the case of a contract right, represents and will represent an undisputed, bonafide agreement), and is not and will not be subject to any setoff, contra-claim, discount or condition of any nature, except as specified in writing on or before the delivery to Heller of schedules of assignments of accounts receivable; Borrower is, or at the time of the assignment will be the lawful owner of each Account and has unqualified rights to assign and grant liens and security interests to Heller therein; Borrower will, with respect to each Account, deliver to Heller such papers as Heller may require, including without limitation, the original delivery or other receipts and duplicate invoices.

In addition to the security provided by these assignments, and as an inducement for the purchase of the accounts receivable, each of the defendants executed guaranty agreements subjecting the personal assets of the guarantors to liability on the loans on default by the companies. Under these agreements, Heller was induced to advance loans to the defendants in the amount of $290,000.

On September 13, 1974, Heller filed suit in the Circuit Court for Jefferson County claiming of all the defendants in the instant case the sum of $343,078.77 due by written instrument and by the defendants' guarantees. Other counts of the complaint alleged willful conversion of the plaintiff's property and fraud in failing to turn over the proceeds of the accounts receivable to Heller pursuant to their agreements, and fraud in the assignment of accounts receivable to Heller which did not in fact exist.

On October 3, 1975, defendant Alfred Lawrence Merrill filed a voluntary petition in bankruptcy, and listed Heller as an unsecured creditor to the extent of $343,078.77. Thereafter, on November 3, 1975, Heller filed the instant complaint seeking to except from discharge the debt of defendants, alleging fraud and willful conversion on the part of the defendants with respect to the financing of their companies. Due to the filing of this complaint, Larry Merrill was dismissed from the action in State court. Although it is not reflected in the record, it

is presumed that the second, third and fourth counts of the State action were dismissed due to the pendency of this case. The action in State court, therefore, proceeded to trial only against defendants Caroline Merrill, D. Wayne Merrill and Susan Merrill and only on Count One of the complaint which alleged liability on the personal guarantees of those defendants. On March 15, 1976, a jury rendered a verdict in favor of those defendants.

On the basis of the evidence presented in the proceedings below, the Bankruptcy Judge concluded that Larry Merrill "participated in both the assignment of invoices representing sales which never took place and the withholding of payment by the accounts of A. P. Merrill & Company and failing to pass these payments on to Heller, as required by the various agreements between the parties. Consequently, the court is satisfied, and so rules, that insofar as Larry Merrill participated in the assignment of bogus accounts to Walter E. Heller & Company and the withholding of funds belonging to Heller, he is guilty of the fraudulent acts alleged by Heller." Accordingly, the Bankruptcy Judge found the debts owed to Heller were not discharged under § 17(a)(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2).[1] The findings of the Bankruptcy Judge are not contested on this appeal.

## I. *Collateral Estoppel*

Defendant Merrill first contends that Heller is estopped from bringing this action by the doctrine of collateral estoppel. Merrill asserts that the State court verdict in favor of his codefendants bars the relitigation of the matter in the instant bankruptcy proceeding. This contention is without merit.

As was stated in *Stevenson v. International Paper Co., Mobile, Alabama,* 516 F.2d 103 (5th Cir. 1975):

Where a second action between the same parties is upon a different cause of action, the principle of *res judicata* is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but only as to those matters in issue or points in controversy which were actually litigated and determined in the first proceeding. In this sense, *res judicata* is usually and more accurately referred to as an estoppel by judgment, or collateral estoppel . . .

In simple terms, collateral estoppel means that ". . . when a issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). This Court has stated that the three traditional requirements for the application of the doctrine of collateral estoppel are (1) The issue to be concluded must be identical to that involved in the prior action; (2) in the prior action the issue must have been "actually litigated"; and (3) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. Id. at 109–10 (citations omitted). See also, *Poster Exchange, Inc. v. National Screen Service Corp.,* 517 F.2d 117 (5th Cir. 1975); *Seguros Tepeyac, S.A., Compania Mexicana v. Jernigan,* 410 F.2d 718 (5th Cir. 1969); *Hyman v. Regenstein,* 258 F.2d 502 (5th Cir. 1958).

Since the judgment in the State court determined only the liability of Larry Merrill's three co-defendants on their personal

---

1. 11 U.S.C. § 35(a)(2) provides in pertinent part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . . are liabilities for obtaining money or property by false pretences or false representations or for obtaining money or property on credit . . . in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another . . ."

guarantees, the court concludes that the issues raised by Heller's complaint under § 17(a)(2) were not identical to, actually litigated in, or "necessary and essential to the resulting judgment" in the prior State proceeding. Heller is not, therefore, barred from asserting them in the instant case.

## II. *Right to Jury Trial*

■ A more difficult question is presented by the defendant's repeated assertion of his right to a jury trial of the issue of the non-dischargeability of debts under § 17. Section 17 was amended in 1970 by the addition of subsection (c), which provides:

(3) After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed . . and, if any debt is determined to be non-dischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof.

. . . . .

(5) Nothing in this subdivision shall be deemed to affect the right of any party, upon timely demand, to a trial by jury *where such right exists.* (Emphasis supplied).

■ In order to determine whether "such right exists," the court is compelled to ascertain the probable intent of Congress in including subdivision (5). That such right may have existed prior to the amendments is primarily due to evils that the amendments sought to prevent. Prior to the amendments, creditors often circumvented a determination of non-dischargeability by bringing an action on the debt in State court. The bankrupt would then be required, in order to avoid the entry of a default, to appear and plead the discharge in defense. Since the creditor would be entitled to a jury trial in the State court on the issue of the discharge defense, it is contended that subsection (5) codified this right viś a viś an action in bankruptcy. While the 1970 amendments are clear in conferring upon the bankruptcy judge exclusive authority to determine the effect of the discharge, the entitlement of the parties to a jury trial on the non-dischargeability of debts under subdivision (5) remains subject to differing interpretations. *See* 1970 U.S. Code Cong. & Adm.News, pp. 4156–64.

One such interpretation supports the contention of the defendant that subdivision (5) indeed recognizes that such right existed under the procedure outlined above and subdivision (5) codified that right. The primary exponent of this view is Judge Asa Herzog of the Southern District of New York. Judge Herzog in *In re Law Research Services, Inc.,* 71–B–59 (S.D.N.Y., 12/9/71), construed subdivision (5) to require a jury trial where such right existed, "were the case to be tried in the State courts . ." *Matter of Copeland,* 412 F.Supp. 949, 952 n. 6 (D.Del.1976).

Other courts considering the issue, however, have cited the basic equitable nature of the bankruptcy proceeding, see *Katchen v. Landy,* 382 U.S. 323–37, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), or the Congressional intent to eliminate the inefficiency of the procedure followed prior to the 1970 amendments, in finding that there is no right to a jury on the issue of dischargeability. *Matter of Copeland,* 412 F.Supp. 949, 953–54 (D.Del.1976); *Matter of Sneider,* 59 F.R.D. 391, 394 (S.D.N.Y.1973); *Matter of Palfy,* 336 F.Supp. 1268, 1269 (N.D.Ohio 1972); *Matter of Hinchey,* 349 F.Supp. 116, 118–19 (D.Or.1972). The only Circuit to have considered the question is the Seventh, which concluded that no such right existed prior to 1970 and that Congress did not intend to create such a right with passage of the 1970 amendments. *Matter of Swope,* 466 F.2d 936 (7th Cir. 1972), cert. denied, 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973).

The court is therefore presented with two rather clear and opposite streams of thought regarding this issue. In view of the tremendous burden that would be placed upon the Bankruptcy Court were a jury trial required upon request, and convinced that such a right did not exist prior to 1970 and that Congress did not intend to confer such right, the court is persuaded that the denial of a jury trial in the instant case was correct.

The order of the Bankruptcy Judge granting judgment to the plaintiff is AF-FIRMED.