In the Matter of Frederick Steven **SWOPE, Bankrupt-Appellant.**

No. 71–1620.

United States Court of Appeals, Seventh Circuit.

Argued April 26, 1972.

Decided Aug. 9, 1972.

Certiorari Denied Jan. 8, 1973.
See 93 S.Ct. 929.

———◆———

Elasko Thigpen, Paul F. Hayzlett, Peoria, Ill., for appellant.

Francis R. Van Hooreweghe, Kehr & Van Hooreweghe, Ltd. Chillocothe, Ill., for appellee.

Before CUMMINGS and SPRECHER, Circuit Judges, and LARAMORE, Senior Judge.[1]

## PER CURIAM.

The sole question presented by this appeal is whether a bankrupt is entitled to a jury trial of a creditor's claim that his debt was not discharged because the bankrupt had obtained money from the creditor by false pretenses or false representations within the meaning of Section 17(a) (2) of the Bankruptcy Act (11 U.S.C. § 35(a) (2)).

Frederick Steven Swope was adjudicated bankrupt on February 10, 1971. On March 25, 1971, appellee Commonwealth Loan Company of Peoria, Illinois, filed an application with the bankruptcy referee alleging that a certain debt of bankrupt was nondischargeable under Section 17(a) (2) of the Bankruptcy Act because it was incurred as a result of his false pretenses or false representations. On April 15, 1971, the bankrupt filed an answer denying that he had obtained a loan from Commonwealth under false pretenses or false representations and demanding a jury trial as to whether his indebtedness was discharged under Section 17 of the Act.

The bankruptcy referee denied the request for a jury trial, holding that the bankrupt had neither a constitutional nor statutory right thereto. In a brief, unreported opinion the district court upheld the denial of a jury trial, holding that when Congress amended Section 17 in 1970, it did not intend "to create a right to a jury trial * * * when none existed there before." We affirm.

To support his right to a jury trial, the bankrupt relies upon the 1970 amendments of Section 17 of the Bankruptcy Act.[2] *Inter alia* those amendments provided for the first time that a bankrupt or any creditor could file an application with the bankruptcy court for the determination of the dischargeability of any debt. The amendments also added Section 17(c) (3) and (5), which provide as follows:

> "(3) After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof. A creditor who files such application does not submit himself to the jurisdiction of the court for any purposes other than those specified in this subdivision."

> \* \* \* \* \* \*

> "(5) Nothing in this subdivision shall be deemed to affect the right of any party, upon timely demand, to a trial by jury where such right exists." 11 U.S.C. § 35(c) (3) and (5).

Prior to the 1970 amendments, the matter of dischargeability was often passed upon in a state court action, triable before a jury, on the debt in which the discharge was raised as a defense. The bankrupt asserts that Section 17(c) (5) preserves the right to a jury trial. We disagree. As Referee Covey pointed

---

1. Senior Judge Don N. Laramore of the United States Court of Claims is sitting by designation.

2. Bankrupt does not contend that he has a federal constitutional right to a jury trial. Rather his contention is that the 1970 amendments of Section 17 preserved all rights the bankrupt had in the state courts, including the right to jury trial.

out below, there was no right to a jury trial when dischargeability was determined in bankruptcy courts, and Congress, he thought, did not see fit to change that rule when it enacted Section 17(c) (5).

Professor Vern Countryman, one of the architects of the 1970 legislation, has stated in more detail:

"[T]here is no constitutional or statutory right to jury trial on the issue of dischargeability as such. If there is a right to jury trial, it is because of other issues involved in the case. In the present context, that proposition means that a right to jury trial exists only if it is accorded because of the nature of the creditor's claim. There frequently will be a right to jury trial on issues of the existence and amount of liability. There is at present no [federal or state] right to jury trial, constitutional or statutory, on the issue of dischargeability. * * * there is no right to jury trial on the issue of dischargeability regardless of how, or in what tribunal, the issue arises."

Countryman, The Dischargeability Law, 45 Am.Bankr.L.J. 1, 35, 36 (1971).[3]

Professor Lawrence King, one of the principal draftsmen of the 1970 amendments, has come to the same conclusion in editing Collier on Bankruptcy, stating:

"[P]rior to this legislation, the suit would be in the state court *on the debt*. When the affirmative defense of discharge was pleaded, the elements of false financial statement and reliance (usually a § 17a(2) type of lawsuit), would be raised by the plaintiff in response to the affirmative defense, *i. e.*, that the defense was not valid because the debt was nondischargeable under the Bankruptcy Act. If a jury trial had been demanded, the jury would consider all of the facts, including the falsity of the financial statement and the reliance. Granted that there may well have been a right to jury trial in the action on the debt, did that right encompass the issue of dischargeability necessitating additional facts? It seems not. Now, in the bankruptcy court the issue is strictly one of dischargeability, a Bankruptcy Act issue."

1A Collier on Bankruptcy, 14th ed., ¶ 17.28A[6], p. 1742.3.[4]

■ ■ The legislative history of the 1970 amendments affords bankrupt no solace. In Section 17(c) (5) Congress only preserved the right to a jury trial "as it presently exists." 2 U.S.Code Congressional and Administrative News, 91st Cong., 2d Sess. 1970, pp. 4156–4157; see *id.*, pp. 4158, 4164. We agree with Professor Countryman's analysis that such right has heretofore been recognized and presently exists only with respect to factual issues subsidiary to the question of dischargeability, but not for determination of the dischargeability question itself. Countryman, *supra* at 36–40. Since ours is the narrow problem of whether the latter question requires summoning a jury, we resolve only that it does not. Accordingly, the bankrupt's jury demand was properly denied.

Affirmed.

3. Professor Countryman's views were deemed "persuasive" in Abramson, Basic Bankruptcy, Alternatives, Procesship and Discharges, Institute of Continuing Legal Education, Michigan, 1971, but were not adopted by Referee Herzog, who awarded a jury trial, in his unreviewed decision in In the Matter of Law Research Service, Inc. No. 71–E–598 (S.D.N.Y. decided December 9, 1971). His decision acknowledges that several other referees have held to the contrary.

4. We realize that this treatise later states that a respectable argument could be made to the contrary. *Idem.*