**In the Matter of Alfred Lawrence MERRILL, a/k/a Larry Merrill, Bankrupt.**

**Larry MERRILL, Appellant,**

v.

**WALTER E. HELLER & COMPANY OF ALABAMA, a corporation, Appellee.**

**No. 77–2240.**

United States Court of Appeals,
Fifth Circuit.

May 14, 1979.

R. B. Jones, Roger M. Monroe, Birmingham, Ala., for appellant.

Richard F. Ogle, Charles L. Denaburg, Birmingham, Ala., for appellee.

Before GODBOLD, Circuit Judge, SKELTON,* Senior Judge, and RUBIN, Circuit Judge.

GODBOLD, Circuit Judge:

Appellant filed a voluntary petition in bankruptcy on October 3, 1977. In his Bankruptcy Statement Merrill listed Walter E. Heller & Company (Heller) as a creditor with a claim for $343,078.77. The debt was characterized as a "pending suit." The pending suit was an action brought by Heller against appellant, his wife and two children in state court for $343,078.77 allegedly due on agreements for financing of accounts receivable and on personal guaranty agreements. Upon the filing of the voluntary proceeding, appellant was dropped as a defendant in the state court action. In that action a jury eventually returned a verdict in favor of the defendants remaining in the case and thus denying recovery to Heller.

In the bankruptcy proceeding Heller filed a timely application to except from discharge its claim against Heller. The application alleged that appellant owed Heller $343,078.77 on appellant's guaranty of debts incurred by A. P. Merrill Company, or the same amount for the willful conversion of Heller's property. Heller also asked a judgment of $500,000 for fraud. Appellant denied liability and fraud and pleaded several defenses, including accord and satisfaction and usury. After the jury in the state court action returned the verdict denying recovery to Heller, appellant argued in the bankruptcy court that Heller's application was barred by collateral estoppel. Appellant requested a jury trial. The bankruptcy court denied his request, found that appellant defrauded Heller, that appellant owed Heller $290,000, and that because of the fraud the debt was not dischargeable.

On appeal to the district court, appellant pressed his collateral estoppel claim and his right to a jury trial. The district court rejected both claims and affirmed the bankruptcy court. We affirm the district court's conclusion on collateral estoppel but reverse in part on the jury trial issue.

## I. Collateral estoppel

The state court judgment originally involved a suit against Merrill, his wife and two children. The complaint alleged liability based on written guaranties, conversion of property and fraud. When appellant was dropped out of the state court action the conversion and fraud claims were struck by Heller from its complaint. The remaining Merrill defendants raised several affirmative defenses which were submitted to the jury. The jury returned a general verdict for defendants.

Because the fraud and conversion counts were struck from the state court action collateral estoppel does not bar consideration of these claims. They were never actually litigated in the state court proceeding. The other basis of appellant's liability to Heller is the personal guaranty. The liability of other members of appellant's family on identical guaranties was resolved in the state court. It is therefore necessary to consider whether under well established rules of collateral estoppel,[1] consideration of appellant's liability on his personal guaranty was barred.[2]

* Senior Judge of the United States Court of Claims, sitting by designation.

1. Although the cause of action is state created, federal rules of collateral estoppel apply in bankruptcy proceedings. *Heiser v. Woodruff,* 327 U.S. 726, 732, 66 S.Ct. 853, 855, 90 L.Ed. 970, 975 (1946).

2. The only reason we consider whether Heller is collaterally estopped from litigating appellant's liability on the personal guaranty arises from an ambiguity in the bankruptcy court's decision. The court first held that "Larry Merrill participated in both the assignment of invoices representing sales which never took place and the withholding of payment by the accounts of A. P. Merrill & Company and failing to pass these payments on to Heller, as required by the various agreements between the parties. Consequently, the Court is satisfied and so rules, that insofar as Larry Merrill participated in the assignment of bogus accounts to Walter E. Heller & Company and the withholding of funds belonging to Heller, he is guilty of the fraudulent acts alleged by Heller. The law is clear that where a corporate debtor perpetrates a fraud or other tort against

Collateral estoppel precludes a party from relitigating an issue of ultimate fact that has already been decided in a prior adjudication. *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 535–36 (CA5, 1978). Under federal law, it is not necessary for the party asserting the estoppel to have been a party to the prior adjudication[3] if, as in this case, the estoppel is used defensively. *See Blonder-Tongue Labs v. University of Illinois Foundation*, 402 U.S. 313, 349–50, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788, 811 (1971).[4] The party asserting the estoppel must show that the issue to be concluded is identical to an issue decided in the prior litigation, that it was actually litigated, and the decision on the issue must have been necessary to the prior judgment. *Stevenson v. International Paper Co.*, 516 F.2d 103, 110 (CA5, 1975); *see Garner v. Giarrusso*, 571 F.2d 1330, 1336 (CA5, 1978).

The appellant has failed to show that the general verdict rendered in state court in favor of appellant's wife and children passes the three-part test outlined above. In the state proceeding the Merrill defendants raised several affirmative defenses to Heller's claim of liability on the personal guaranties that appellant did not assert in the bankruptcy court: lack of consideration, alteration of the guaranties, and incompetency of Mrs. Merrill at the time she signed the guaranty. The jury could have found any one or more of these defenses grounds for its verdict in favor of the defendants. The appellant has offered no evidence regarding what was necessarily decided by the jury. Without such a showing Heller cannot be collaterally estopped from suing appellant on his personal guaranty.

## II. Right to jury trial

Because of the equitable nature of bankruptcy proceedings there is generally no constitutional right to a jury trial. *Katchen v. Landy*, 382 U.S. 323, 336–40, 86 S.Ct. 467, 15 L.Ed.2d 391, 400–03 (1966). Appellant argues, however, that Congress intended to provide for jury trials in proceedings held pursuant to Section 17(c)(3) of the Bankruptcy Act (Act), 11 U.S.C. § 35. Section 17(c)(5) provides that "[n]othing in this subdivision (c) shall be deemed to affect the right of any party, upon timely demand, to a trial by jury where such right exists."

Section 17(c) was added to the Act in 1970. P.L. 91–467, 84 Stat. 992 (1970). The new subsection places in the bankruptcy court all litigation concerning the dischargeability of a bankrupt's debts. To except a debt from discharge the creditor must file an application for determination of dischargeability within the time set by the bankruptcy court or the debt is considered discharged. The bankruptcy court is then authorized by § 17(c)(3) to decide the dischargeability issue and "if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof." *Id.*

---

a secured creditor, the corporation's officers or employees who personally participate in the tortous [sic] acts are personally liable for it." From this passage it is clear that the bankruptcy court found appellant liable to Heller for fraud and conversion, issues that are not possibly barred by the state court proceedings.

The bankruptcy court, however, went on to say "[o]f course, in this case Merrill's liability flows not only from his participation in the tortous [sic] acts, but also from his guarantee to Heller of the debts of the corporation, against which he seeks discharge." The facts as found by the bankruptcy judge show that appellant assigned to Heller over $362,000 worth of bogus accounts and, therefore, appellant could have been found liable for the $290,-000 without considering his liability based on his personal guaranty. The bankruptcy court did not do this, however, and its decision might be interpreted to predicate a portion of the $290,000 judgment on appellant's personal guaranty. Because of this possibility that a portion of the judgment was based on the guaranty, we must consider appellant's claim of collateral estoppel.

3. The party or his privy against whom the estoppel is asserted must, of course, have been a party to the prior adjudication.

4. The Supreme Court recently abandoned the mutuality requirement in some cases where collateral estoppel is used offensively. *Parklane Hosiery Co. v. Shore*, —— U.S. ——, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

Prior to the 1970 amendments the bankruptcy court in appropriate cases would give a general discharge to the bankrupt, and the effect of that discharge on specific claims would then be determined in subsequent state court proceedings. Normally a creditor would sue the bankrupt in state court, and the bankrupt could raise his discharge as an affirmative defense. The state court proceedings were, if requested, tried to a jury. The jury decided both the issue of the existence of the debt as well as the effect of the discharge. Under the old procedure, therefore, the bankruptcy court without a jury would decide whether the bankrupt was entitled to a discharge, and the effect of the discharge on an individual debt was then determined by a jury in a state court proceeding.

■■ Against this background we consider the intent of Congress in providing that § 17(c) shall not affect a party's right "to a trial by jury where such right exists." *Id.* § 17(c)(5). We conclude that appellant had no right to a jury trial on the dischargeability issue. *In re Swope,* 466 F.2d 936, 938 (CA7, 1972), *cert. denied,* 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973). However, once the bankruptcy court determined that the debt was not dischargeable, appellant was entitled to a jury trial on the issues of liability and amount. *In re Copeland,* 412 F.Supp. 949, 954 (D.Del.1976); 1A Collier on Bankruptcy ¶ 17.28A[6].[5] The purpose of § 17(c)(5) is to preserve the right of debtors and creditors to jury trials as that right existed prior to the 1970 amendments. By distinguishing between the right to a jury trial on the issue of the dischargeability of a debt and the issues of

liability and amount, the pre-1970 status quo is preserved. *See* Countryman, *The Dischargeability Law,* 45 Am.Bankr.L.J. 35 (1971).

■ Heller also asserts that appellant never denied the existence or amount of the debt. We have reviewed the pleadings in the bankruptcy court and disagree. Appellant denied the existence of the debt in his pleading.[6] The amount owed by the appellant must have also been in controversy. Heller sought over $340,000 due on the written guaranty and $500,000 for fraud. The bankruptcy court awarded only $290,-000.

AFFIRMED in part and REVERSED in part.

---

**5.** In *In re Law Research Service, Inc.,* No. 71–B–598 (S.D.N.Y. Dec. 9, 1971), *reported in* Bank.L.Rep. (CCH) ¶ 64,528, Bankruptcy Judge Herzog concluded that a debtor was entitled to a jury trial on both the discharge and liability issues because in the state court proceedings testing the effect of the general discharge given by the bankruptcy court on a specific debt the jury necessarily decided whether the debt was dischargeable under § 17(a). We find more persuasive, however, the Seventh Circuit's conclusion in *In re Swope, supra,* that the only reason a jury ever considered the dischargeability issue was that the jury was empaneled

to determine the liability issues. There is no right to a jury trial independent of the liability issues. *Id.* at 938 (*citing* Countryman, *The Dischargeability Law,* 45 Am.Bankr.L.J. 35, 36–40 (1971)).

**6.** Heller says that appellant admitted the existence of the debt by listing Heller as a creditor in the bankruptcy statement. *See Horner v. Hamner,* 249 F. 134, 137 (CA4, 1918). Appellant listed Heller's claim as a pending suit, however, which cannot be treated as an admission that the debt was actually owed.