**John MIKKELSON, et ux., Plaintiff and Respondent,**

v.

**QUAIL VALLEY REALTY, Don Watkins, Jack Watkins, and Bryan Flanders, et ux., Defendants and Appellants.**

No. 17285.

Supreme Court of Utah.

Jan. 21, 1982.

---

Gary L. Gregerson, Provo, for Quail Valley etc.

Thomas W. Seiler of Grow, Watson, & Seiler, Orem, for Mikkelson.

HOWE, Justice:

Plaintiff, John Mikkelson, brought this action against the defendants, Quail Valley Realty, Don Watkins, a real estate agent, and Jack Watkins, his broker, for misrepresentation of the square footage of a house purchased by the plaintiff. The jury returned a verdict awarding $7,206.50 to the plaintiff. Defendants appeal.

Defendant Don Watkins took a real estate listing from Bryan Flanders who wished to sell his house in American Fork. Flanders told Watkins that the square footage in the two level house was 1400 square feet per level, or a total of 2800 square feet. Watkins prepared the listing agreement containing this information which he subsequently sent to the Utah County Multiple Listing Board for publication in a multiple listing book distributed to all realtors. Sometime thereafter the plaintiff was shown through the house during an open house by his own realtor who disclosed to him the information on the listing agreement.

After some negotiation, Bryan Flanders accepted plaintiff's offer to purchase the house for $60,000. Plaintiff thereafter applied for an FHA loan through Mason-McDuffy. An FHA appraisal which was required was made fixing the value of the house at $59,500. Included in the appraisal documents was a form indicating that there were 1197 square feet per floor. Plaintiff thereafter signed the closing documents after having acknowledged receipt of the FHA appraisal information.

About a year later, preparatory to listing it for sale, the plaintiff measured the house and found that it contained 1190–1198 square feet per floor or a total of approximately 2394 square feet. Based on that information he brought this action for misrepresentation against the defendants. During the course of the trial an expert witness testified that the difference in value between a house with 2800 square feet and a house of like quality with 2394 square feet was $7,206.50. Upon return of the verdict, judgment was rendered in favor of plaintiff in that amount.

Defendants contend that the evidence when viewed in its most favorable light for the plaintiff is insufficient to support a judgment for misrepresentation. Defendants point out that the plaintiff knew, or should have known, the correct square footage since he personally inspected the property and the correct figure was disclosed in the appraisal documents which he received.

To maintain a cause of action for fraud the plaintiff must prove by clear and convincing evidence the existence of each of the following elements:

(1) That a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.

*Pace v. Parrish*, 122 Utah 141, 247 P.2d 273 (1952). The undisputed evidence shows that the plaintiff could not have reasonably relied on his belief that the house contained 2800 square feet since he not only inspected the property but also signed, prior to closing, loan documents acknowledging receipt of the FHA appraisal report wherein the correct footage was revealed. Furthermore, on cross examination, plaintiff admitted that he had in his file and possession a copy of the form containing the correct figure. While plaintiff may have initially received false information, he cannot reasonably continue to rely on it once true and corrected information is furnished him, particularly when that corrected information is contained in a document of the importance and dignity of an appraisal and related forms. In *Jardine v. Brunswick Corp.*, 18 Utah 2d 378, 423 P.2d 659 (1967), this Court stated:

> The one who complains of being injured by such a false representation cannot heedlessly accept as true whatever is told him, but has the duty of exercising such degree of care to protect his own interests as would be exercised by an ordinary, reasonable and prudent person under the circumstances; and if he fails to do so, is precluded from holding someone else to account for the consequences of his own neglect.

423 P.2d at 662. Similarly, in *Kohler v. Garden City*, Utah, 639 P.2d 162 (1981), this Court affirmed the denial of a claim for fraud for failure to disclose a right-of-way where the purchaser of real estate had inspected the property and the contract of sale had put the purchaser on notice that a right-of-way was claimed.

Plaintiff suggests that *Dugan v. Jones*, Utah, 615 Utah 2d 1239 (1980) is dispositive. There, after reviewing the evidence presented, this Court reversed the dismissal of Jones' counterclaim for misrepresentation as to the amount of acreage contained in a parcel of real estate he purchased from Dugan. We reviewed the evidence and determined that Jones had introduced sufficient evidence to recover for misrepresentation if the trier of fact believed the evidence as related by Jones. We stated, "[A] vendee of real property, in the absence of facts putting him on notice, has no duty to investigate to determine whether the vendor has misrepresented the area conveyed." 615 Utah 2d at 1247. In the instant case, by the plaintiff's own admission, he had in his possession before the closing, documents which put him on notice as to the correct footage contained in the house.

We find as a matter of law that there is insufficient evidence to support the judgment for fraud. Defendants' other arguments need not be considered in view of our decision herein.

The judgment below is reversed. Costs to defendants.

HALL, C. J., and STEWART and OAKS, JJ., concur.

TIBBS, District Judge (concurring in the result):

I concur with the majority opinion that there is not sufficient evidence to support the judgment for fraud because of the personal examination of the premises by the Plaintiff.

The majority opinion goes too far in holding the purchaser should be bound by the square footage in the F.H.A. appraisal description. Requiring a purchaser who

might not be experienced in real estate transactions to examine and understand real estate descriptions and other materials in extraneous documents to the real estate agreement in my opinion goes too far.