767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY R. SMITH, PLAINTIFF-APPELLANT,
v.
RAYMOND L. SIMPSON, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-3471
 United States Court of Appeals, Sixth Circuit.
 6/13/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: MILBURN, Circuit Judge; and EDWARDS and BROWN, Senior Circuit Judges.
 
 
 1
 Smith requests counsel on appeal from the district court's judgment dismissing his civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Smith's complaint attacks the procedure by which he was brought from Florida back to Ohio for trial in a criminal case. The defendants are two Florida judges and various Ohio officials. Smith had filed an earlier complaint in the district court on this same matter which had been dismissed. Smith v. Brown, Unpublished, Case Number C-2-82-1802 (S.D. Ohio, December 30, 1982). The defendants argue that this case presents a res judicata bar to the present complaint.
 
 
 3
 In his brief, Smith has withdrawn his appeal with regard to the two Florida judges. Concerning defendants Miller and Wolfe, we agree with the district court that the complaint against them is barred by res judicata. Allen v. McCurry, 449 U.S. 90, 96-7 (1980). Concerning defendants Billary and Wilson, we find that the claim against them is barred by the doctrine of collateral estoppel. Spilman v. Harley, 656 F.2d 224, 228 (6th Cir. 1981), citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971) and Matter of Merrill, 594 F.2d 1064 (5th Cir. 1979). Finally, we agree with the district court that Smith fails to state a claim on his extradition issue. Michigan v. Doran, 439 U.S. 282, 288 (1978).
 
 
 4
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.