**In re Marion L. SMITH, Debtor.**

**Bankruptcy No. 85 C 6989.**
**Adv. Nos. 85 A 617, 85 A 616,**
**and 85 A 750.**
**Related case No. 82 C 4460.**

United States District Court,
N.D. Illinois, E.D.

Dec. 2, 1985.

## MEMORANDUM AND ORDER

JAMES B. MORAN, District Judge.

Plaintiffs in adversary proceedings seek to withdraw reference. The petition originally was grounded, to a considerable respect, on the practical notion that Judge Shadur should handle the matter since he was the trial judge in a litigation which led both to plaintiffs' claims and, apparently, the debtor's bankruptcy. Plaintiffs were concerned about the debtor's transfer of property in, they believed, an effort to evade the results of the litigation, and about the claimed dischargeability of the debts created by that litigation. Judge Shadur quite properly noted that these were not related claims since the original litigation was on appeal. In the interim, new counsel for the debtor has apparently persuaded him to take back the transferred assets.

Plaintiffs have also filed a jury demand and motions for summary judgment on dischargeability and the propriety of any bankruptcy petition. They now argue that the jury demand entitles them to a withdrawal of reference. They contend that they have a right to a jury trial and that, pursuant to the local bankruptcy rules, the district court can just as well withdraw the reference rather than waiting for the bankruptcy court to act.

This court seriously questions whether plaintiffs have a right to a jury. Indeed, the case upon which they rely, *In re Swope*, 466 F.2d 936 (7th Cir.1972), indicates that the issue of dischargeability is up to the bankruptcy judge, not a jury, when (as here) the existence and amount of the liability are not in dispute. Disputes over dischargeability and fraudulent transfers are the stuff of bankruptcy proceedings. If the bankruptcy judge (who is far more familiar than this court with the scope of his jurisdiction under recent legislation and relevant bankruptcy rules) should ultimately determine that there is an issue which must be tried to a jury (and plaintiffs claim that is not so because they have moved for summary judgment), B115

provides a procedure for transfer. The petition for withdrawal is denied.