**In re Enrique RUILOBA, Debtor.**

**Eligio BARRIOS and Goldstone Company, N.V., Plaintiffs,**

**v.**

**Enrique RUILOBA, Defendant.**

**Bankruptcy No. 85–02864–BKC–TCB.**
**Adv. No. 86–0046–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 5, 1986.

David J. White, Miami, Fla., for plaintiff Barrios.

Carlos L. DeZayas, Miami, Fla., for defendant.

Robert L. Roth, Miami, Fla., Trustee.

ORDER DENYING JURY TRIAL

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff's demand for jury trial in this adversary proceeding is denied.

The action is to determine dischargeability of a debt under 11 U.S.C. § 523(a). No right to a jury existed under the Common Law for such an action, which is a statutory remedy bottomed on principles of equity. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Sibley v. Fulton Dekalb Collection Service*, 677 F.2d 830 (11th Cir.1982); *Pennels v. Barnes (In re Best Pack Seafood, Inc.)*, 45 B.R. 194 (Bankr.D.Me.1984).

The plaintiff has no right to a jury trial on the dischargeability issue. *Matter of Merrill*, 594 F.2d 1064, 1066 (5th Cir.1979). Plaintiffs did not pray for a judgment upon their claim. That would be the only issue triable as a matter of right before a jury. If this court determines that the debt is dischargeable, plaintiffs would not be entitled to a jury to prove the amount of their claim under the bankruptcy claims' procedure. If this court determines that the debt is non-dischargeable, this court will abstain from fixing the debtor's liability and plaintiffs' damages, in order that either party may claim a jury and try the matter before the state court.