**In re Wayne H. BROWN, Debtor.**

**Harold P. SUTHERLAND and Laurie Sutherland, Plaintiffs,**

v.

**Wayne H. BROWN, Defendant.**

**Bankruptcy No. 83C–00832.
Civ. No. 84PC–0053.**

United States Bankruptcy Court,
D. Utah.

June 10, 1986.

David S. Cook, Bountiful, Utah, for Harold P. Sutherland and Laurie Sutherland.

Lowell V. Summerhays, Salt Lake City, Utah, for Wayne H. Brown.

GLEN E. CLARK, Bankruptcy Judge.

This matter comes before the Court on plaintiffs' motion for summary judgment on their complaint objecting to the dischargeability of a debt pursuant to Section 523(a)(2)(A) and (B) of the Bankruptcy Code. The question presented is whether the findings of fact of the Third Judicial District Court should be given collateral estoppel effect in this proceeding.

## PROCEDURAL BACKGROUND

This proceeding relates to an action originally commenced in 1979 in the Third Judicial District Court in and for Salt Lake County, State of Utah, Civil No. C–79–8354. The action was tried before Judge Timothy R. Hanson on November 17–26, 1982. Before the court could enter its findings of fact and conclusions of law and enter judgment, Wayne H. Brown filed a petition for voluntary relief under Chapter 7 of the Bankruptcy Code.

On April 22, 1983, the action was removed from Third District Court and claims for nondischargeability were added. On March 5, 1984, this Court remanded the action for the purpose of permitting the state court to make and enter its findings of fact and conclusions of law. Judge Hanson entered his findings and conclusions on December 27, 1985. On February 14, 1986 plaintiffs moved this Court for summary judgment applying collateral estoppel to the state court's findings, thereby establishing their claims as nondischargeable.

A request for ruling on this matter as an uncalendared motion pursuant to Local Rule 5(i) was served on counsel on April 8, 1986 and filed with the Court on April 10, 1986. By order of this Court dated March 9, 1986, defendant was granted until April 1, 1986 to respond to plaintiffs' motion for summary judgment. Defendant has neither responded to the motion nor objected to its being ruled upon as an uncalendared motion.

## DISCUSSION

■ The burden is on the plaintiffs to prove that the questioned debt is nondis-

chargeable. The burden is also on the plaintiffs in this proceeding to prove that the elements of collateral estoppel have been met. *See Spilman v. Harley*, 656 F.2d 224, 229, Bankr.L.Rep. (CCH) ¶ 68,272 (6th Cir.1981); *Matter of Merrill*, 594 F.2d 1064, 1067, 5 B.C.D. 253, Bankr.L.Rep. (CCH) ¶ 67,126 (5th Cir.1979).

Collateral estoppel precludes relitigation of the same issue between the same parties in different proceedings. *See In re Goodman*, 25 B.R. 932, 935 n. 4 (Bkrtcy.N.D.Ill. 1982). Collateral estoppel requires that the precise issue in the later proceeding was raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome. *Matter of Lombard*, 739 F.2d 499, 502, Bankr.L.Rep. (CCH) ¶ 69,952 (10th Cir. 1984); *Spilman v. Hasley, supra*, 656 F.2d at 228; *Matter of Merrill, supra*, 594 F.2d at 1067; *In re Ross*, 602 F.2d 604, 608, 5 B.C.D. 700 (3rd Cir.1979); *In re Marks*, 40 B.R. 614, 617 (Bkrtcy.D.S.C.1984); *In re Mueller*, 34 B.R. 869, 9 C.B.C.2d 856, 859 (Bkrtcy.D.Colo.1983).

While the Supreme Court has concluded that for purposes of determining the dischargeability of a debt, the doctrine of res judicata does not prevent the bankruptcy court from conducting an independent inquiry and receiving extrinsic evidence relating to dischargeability, it expressly left open the question of collateral estoppel:

> If, in the course of adjudicating a state-law question, a state court should determine factual issues *using standards identical to those of § 17* [the predecessor of § 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979) (emphasis added).

The Tenth Circuit, *In Goss v. Goss*, 722 F.2d 599, 12 B.C.D. 75, Bankr.L.Rep. (CCH) ¶ 69,523 (10th Cir.1983), specifically held that collateral estoppel applies to a state court's determination that certain obli-

gations embodied in a divorce decree were in the nature of maintenance and support, and could not be relitigated in a proceeding before the bankruptcy court to determine whether the debt was nondischargeable. The court held that "[w]here a state court has jurisdiction to determine dischargeability concurrent with that of the bankruptcy court, ... collateral estoppel should be applied." *Id.* at 604.[1] However, the court refrained from deciding whether collateral estoppel should apply in dischargeability determinations such as the one before this Court, involving the bankruptcy court's exclusive jurisdiction. *See id.* at 603 & n. 10. *See also Matter of Lombard, supra*, 739 F.2d at 503.

Applying collateral estoppel under the circumstances of this proceeding is logically consistent with the Supreme Court's decision in *Brown v. Felsen, supra*, and the exclusive jurisdiction of the bankruptcy courts to determine the dischargeability of debts, while at the same time encouraging judicial economy. *See Spilman v. Hasley, supra*, 656 at 227. This matter has been pending in the courts for more than six years. It would be an extraordinary waste of judicial resources for this Court to disregard the findings it asked the state court to make. As this Court wrote in an early decision interpreting *Brown v. Felsen*,

> A careful reading of *Brown* shows that the import of the opinion is to prevent requiring every litigant to try bankruptcy issues in state court just because a defendant may file bankruptcy in the future, and to preserve the authority of the bankruptcy courts to decide these issues. It did not intend, however, to abrogate the finality afforded by application of collateral estoppel if, in fact, identical issues were previously litigated and were necessary to the prior judgment.

*Cutler v. Tebbs (In re Tebbs)*, no. 79-00965, unpublished memorandum opinion and order at 6 (Bkrtcy.D.Utah Aug. 19, 1980) (per Mabey, J.). *See also Kojima v. Stevens (In re Stevens)*, no. 82PC-0828, unpublished

---

1. *Cf. In re Yeates*, 44 B.R. 575 (D.Utah 1984).

memorandum decision at 8 (Bkrtcy.D.Utah June 30, 1983) (per Clark, J.) (collateral estoppel remains a viable doctrine in nondischargeability actions).

■ Summary judgment is proper, then, when the proceeding in state court establishes each of the essential elements which must be proven under Section 523(a) in order for the bankruptcy court to except the debt from discharge. *In re Greenblatt,* 8 B.R. 994, 996 (Bkrtcy.E.D.N.Y. 1981). But for collateral estoppel to apply, the state court's findings must contain sufficient detail to meet the bankruptcy test of nondischargeability. *Matter of Schuler,* 722 F.2d 1253, 1257, 11 B.C.D. 930, Bankr. L.Rep. (CCH) ¶ 69,611, 10 C.B.C.2d 101 (5th Cir.1984).

■ Under the "identity of standards" test of *Brown v. Felsen, supra,* the Court must ascertain whether the elements established in the state court action and the standard of proof applied are the same as the federal standards in a Section 523(a) action. *See Cutler v. Tebbs, supra.* In the present case, the requirements have been met. The state court's findings of fraud satisfy both the nine elements of common law fraud, *see Pace v. Parrish,* 122 Utah 141, 247 P.2d 273, 274–275 (1952), and the five elements of nondischargeable fraud under Section 523(a)(2)(A). *See Matter of Schnore,* 13 B.R. 249 (Bkrtcy.W.D.Wis. 1981); *In re Marks, supra,* 40 B.R. at 617–18. *Cf. In re Curtis,* 40 B.R. 795, 804, 11 B.C.D. 1256 (Bkrtcy.D.Utah 1984). The standard of proof required by Utah law on the fraud action, as well as that for a determination of each element of Section 523(a)(2)(A) is that of clear and convincing evidence. *Compare Secor v. Knight,* 716 P.2d 790, 29 Utah Adv.Rep. 15, 17 (Utah, 1986); *Mikkelson v. Quail Valley Realty,* 641 P.2d 124, 126 (Utah 1982); *Kohler v. Garden City,* 639 P.2d 162, 166 (Utah 1981); *Taylor v. Gasor,* 607 P.2d 293, 294–95 (Utah 1980); *Cheever v. Schramm,* 577 P.2d 951, 954 (Utah 1978) and *Schwartz v. Tanner,* 576 P.2d 873, 875 (Utah 1978) *with In re Hansen,* unpublished memorandum opinion and order at 30, no. 83PC–0010

(Bkrtcy.D.Utah Feb. 26, 1986) *and In re Harmer,* 61 B.R. 1 (Bkrtcy.D.Utah 1984).

■ Because all of the issues under Section 523(a)(2)(A) were actually litigated in the Third District Court and found against defendant by the requisite degree of proof, the requirements for application of the doctrine of collateral estoppel have been met. Plaintiffs are therefore entitled to judgment as a matter of law on the nondischargeability of defendant's debt. The portion of the state court's conclusions of law that assess punitive damages in the sum of $10,000.00 against defendant will not be allowed as part of the nondischargeable debt. *See Tracy v. Cowart (In re Cowart),* civil no. C81–0920J, unpublished memorandum and order at 4–5 (C.D. Utah Sept. 20, 1982) (per Jenkins, J.) (even if an award of punitive damages is tied factually to a creditor's claim, there is no basis under § 523 to make awards of punitive damages); *Matter of Cheatham,* 44 B.R. 4, 8–9 (Bkrtcy.N.D.Ala.1983); *Kojima v. Stevens (In re Stevens), supra,* unpublished memorandum decision at 7.

Plaintiffs' attorney shall prepare and submit an appropriate form of judgment in accordance with Local Rule 13.