**In re John F. WHITEHORN, Debtor.**

**Hanna N. RUDE, Plaintiff,**

v.

**John F. WHITEHORN, Defendant.**

**Bankruptcy No. 388–32815 RCM–7. Adv. No. 388–3617.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Feb. 16, 1989.

Tom C. Ingram, Jr., Dallas, Tex., for defendant.

E.M. Fogelman, Dallas, Tex., for plaintiff.

## MEMORANDUM OPINION

ROBERT McGUIRE, Chief Judge.

On August 30, 1988, Hanna K. Rude ("Rude") filed this adversary proceeding to determine dischargeability of a debt under 11 U.S.C. § 523 and to object to the debtor's discharge under 11 U.S.C. § 727. Rude filed an amended complaint on December 22, 1988 that contained a request for a jury trial on all issues in the complaint. John F. Whitehorn ("Debtor") filed a motion to strike the jury request. The issue of whether to conduct a jury trial in this case comes before the court on briefs submitted by both parties. Both parties have also consented to a jury trial in bank-

ruptcy court provided the court finds that Rude is entitled to a jury trial.

This Court has addressed issues involving the right to jury trial in *Wolfe v. First Federal Savings and Loan Association,* 68 B.R. 80 (Bankr.N.D.Tex.1986) *aff'd sub nom M & E Contractors v. Kugler–Morris General Contractors,* 67 B.R. 260 (N.D. Tex.1986). In that case and the district court case affirming the bankruptcy decision, both courts conducted an exhaustive account of the right of litigants to a jury trial in bankruptcy court. This court will not attempt to retrace the reasoning of either decision except to provide a brief overview. In *Wolfe,* this court rejected the broad contention that jury trials are not appropriate in bankruptcy court under any circumstances. See *Wolfe,* 68 B.R. at 84–85. Coming to a similar conclusion Judge Buchmeyer traced this view to an "overly broad view of *Katchen v. Landy",* the seminal case generally cited for the proposition that all proceedings in bankruptcy are wholly equitable and therefore litigants are not entitled to a jury trial in bankruptcy court. See *M & E Contractors,* 67 B.R. at 266–67. See *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).[1] Judge Buchmeyer also noted "a litigant does not abandon constitutional protections simply because the proceedings are in bankruptcy court." *M & E Contractors,* 67 B.R. at 267. This court also held that 28 U.S.C. § 1411[2], a provision enacted as part of the 1984 Bankruptcy Reform Act, as retaining jury trials in personal injury and wrongful death claims, does not per se eliminate jury trials in bankruptcy court. *Wolfe,* 68 B.R. at 87.

However, since the *Wolfe* and *M & E Contractors* decisions, the issuance of two Circuit opinions and a change in the bankruptcy rules may have some impact on the

1. As stated in Hogan, *The Availability of Jury Trials in Bankruptcy Court,* 4 Bankruptcy Developments Journal 257, 269 (1987):

    ... the state of the law, through *Marathon,* the Emergency Rule, the Bankruptcy Rules and the Bankruptcy Amendments and Federal Judgeship Act 1984, has undergone such change since *Katchen* that it may be inadequate to cite it and not question where it presently stands....

2. 28 U.S.C. § 1411 provides

    (a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under nonapplicable bankruptcy law with regard to a personal injury or wrongful death tort claim.

    (b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

rights of litigants to jury trials in bankruptcy court. In a preferential and fraudulent transfer case, the Fourth Circuit has held bankruptcy courts are inherently equitable proceedings and no right to a jury trial in core proceedings exists. *In re Harbour*, 840 F.2d 1165, 1179 (4th Cir.1988). The Eleventh Circuit has made a similar determination. *In re Chase & Sanborn Corp*, 835 F.2d 1341 (11th Cir.1988), *cert. granted sub nom, Granfinanciera v. Nordberg*, —— U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988). The Supreme Court granted certiorari on the right to a jury trial, and heard oral argument on January 9, 1989. Thus, the Supreme Court may resolve shortly the question of a party's right to a jury trial in the Bankruptcy Court. Finally, in 1987, Bankruptcy Rule 9015 that dealt with jury trials was repealed. Also see, Sabino, *Jury Trials in the Bankruptcy Court: The Controversy Ends*, 93 COMMERCIAL L.J. 238 (1988) and Gibson, *Jury Trials in Bankruptcy: Obeying the Commands of Article III and the Seventh Amendment*, 72 MINNESOTA LAW REVIEW 967 (1988). In the 1988–89 Editor's Comment of Norton, *Norton Bankruptcy Law & Practice (Bankruptcy Rules)*, at 816, the editor states that there is no constitutional prohibition to trial by jury before the Bankruptcy Judge if the parties consent. The 1987 Advisory Committee note to abrogated Bankruptcy Rule 9015 states:

> Former section 1480 of title 28 preserved a right to trial by jury in any case or proceeding under title 11 in which jury trial was provided by statute. Rule 9015 provided the procedure for jury trials in bankruptcy courts. Section 1480 was repealed. Section 1411, added by the 1984 amendments, affords a jury trial only for personal injury or wrongful death claims, which 28 USC § 157(b)(5) requires be tried in the district court. Nevertheless, Rule 9015 has been cited as conferring a right to jury trial in other matters before bankruptcy judges. In light of the clear mandate of 28 USC § 2075 that the 'rules shall not abridge, enlarge, or modify any substantive right,' Rule 9015 is abrogated. In the event the courts of appeals or

the Supreme Court define a right to jury trial in any bankruptcy matters, a local rule in substantially the form of Rule 9015 can be adopted pending amendment of these rules.

■ The foregoing Circuit courts have held in an opposite fashion from this court and the district court. Although a decision by a district judge is not binding on the other district judges of that district, *U.S. v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir.1987), generally bankruptcy judges should follow the decisions of their district courts. *In re Windmill Farms, Inc.*, 70 B.R. 618, 621–22 (9th Cir. BAP 1987), *rev. on other grounds*, 841 F.2d 1467 (9th Cir.1988); *Johnson–Allen v. Lomas and Nettleton Co.*, 67 B.R. 968, 972–73 (Bankr.E.D.Pa.1986); *In re Moisson*, 51 B.R. 227, 229 (Bankr.E.D.Mich. 1985). See *In re Jackson*, 90 B.R. 126 (Bankr.E.D.Pa.1988) (holding district court decision affirming the right to a jury trial in bankruptcy court controls despite conflicting recent Circuit decisions).

In *M & E Contractors*, Judge Buchmeyer established a two part test to determine whether parties in a bankruptcy court had a right to a jury trial. 67 B.R. at 267. Under the first prong, the court must decide whether a proceeding is core or related. If the proceeding is related, then a bankruptcy court may only conduct a jury trial after obtaining the parties' consent. If the action is a core proceeding, however, then the court must conduct an inquiry into whether the particular action would require a "jury trial under the seventh amendment, that is, whether the proceeding sounds in law or in equity." *Id.*

Under the first prong of Judge Buchmeyer's test, the Court holds the complaint filed under 11 U.S.C. § 523 is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Also, the Court finds Rude's action filed under 11 U.S.C. § 727 is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

Since the action is a core proceeding, the Court will turn to the second prong of the *M & E Contractors* test and inquire into whether the action sounds in law or in equity. Several Circuit courts confronted

with the question of the right to jury trial in dischargeability actions have concluded that the parties do not have a right to a jury trial on the issue of dischargeability. See *In re Swope*, 466 F.2d 936 (2d Cir. 1972), *cert. denied*, 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973). *In the Matter of Merrill*, 594 F.2d 1064 (5th Cir.1979). *In the Matter of Banister*, 737 F.2d 225 (2d Cir.1984). These decisions are consistent with the view that dischargeability proceedings are generally equitable actions and a party does not have a right to a jury trial on an equitable issue. However, the same cases that hold there is no right to a jury trial on the dischargeability issue also conclude that the litigants have a right to a jury trial on the underlying issues of liability and amount. See *Merrill*, 594 F.2d at 1068. See also *Banister*, 737 F.2d at 226 (n. 1). The *Swope* court agreed with Professor Vern Countryman's analysis that "[t]here frequently will be a right to jury trial on issues of the existence and amount of liability. There is at present no [federal or state] right to jury trial, constitutional or statutory, on the issue of dischargeability...." See, *Swope*, 466 F.2d at 938 (quoting Countryman, *The Dischargeability Law*, 45 Am.Bank.L.J. 1.35 (1971)). See also, *In re Copeland*, 412 F.Supp. 949 (D.Del.1976); *Transport Indemnity Co. v. Hofer Truck Sales*, 339 F.Supp. 247 (D.Kan.1971). It may be argued that *Merrill, Banister*, and *Swope* are Act cases, and, therefore, distinguishable by reason of the wording of the Act itself. See discussion in 1A Collier on Bankruptcy ¶ 17.28A[6], at 1742.5 (14th ed. 1978). In a well-reasoned opinion, Judge Steen, in *In re O'Bannon*, 49 B.R. 763, 769 (Bankr.M.D. La.1985), while acknowledging the *Merrill* line of cases, held that a plaintiff with a $28 million defamation claim was not entitled to a jury on a § 523(a)(6) claim, holding that "[d]ischargeability is clearly a core issue; the issue of liability *vel non* is clearly an issue necessary to be determined coincident with the issue of dischargeability." *Id.* at n. 15. In his discussion regarding footnote 13, he points out that it is not necessary for him to discuss 28 U.S.C. § 1411 since same did not apply to cases pending on July 10, 1984. Also see, *In re Schmid*, 54 B.R. 520 (Bankr.E.D.Pa.1985) and *In re Tadych*, 89 B.R. 785 (Bankr.E.D. Wis.1988).

In those courts holding that the right to a jury trial is preserved on the issues underlying a dischargeability action, courts have taken a variety of approaches to determine how to conduct the jury trial. In *In re Frantz*, the court severed and recommended abstention on the underlying fraud issues, with the parties being instructed to litigate these issues in state court. 82 B.R. 835 (Bankr.S.D.Tex.1988). See also *In re Manufacturer's Acceptance Corp.*, 82 B.R. 155 (Bankr.S.D.Fla.1988) and *In the Matter of Zarling*, 85 B.R. 802 (Bankr.E.D.Wis. 1988). In *Frantz*, the court retained the issue of dischargeability provided that the plaintiff wins a favorable judgment in state court. *Frantz*, 82 B.R. at 837. Other courts have first conducted an inquiry into the dischargeability issue holding only if the debt is determined to be nondischargeable would the plaintiffs be entitled to a jury trial in state court on the liability and damages issues. See *In re Ruiloba*, 58 B.R. 700 (Bankr.S.D.Fla.1986).

Both approaches present some practical problems. See, Herzog, *The Case for Jury Trials on the Issue of Dischargeability*, 46 AM.BANKR.L.J. 235, 241 (1972); Countryman, *Jury Trials on Dischargeability—A Reply to Referee Herzog*, 46 AM.BANKR. L.J. 305, 308 (1972).

Herzog had argued that Countryman's approach would mean that Congress had spared the debtor and creditor from two lawsuits in different courts "only to subject them to two suits in the same court!" See, Herzog, *supra* at 241. Countryman's response states:

> ... But there will be only one lawsuit in any case where the claim is held to be dischargeable. I have also argued that if resolution of the dischargeability issue will involve a substantial taking of evidence on factual questions involved too in issues of liability and damages, the bankruptcy court may avoid two trials by summoning a jury at the outset, even though the jury would be dismissed if,

after the taking of evidence, the bankruptcy court ruled the debt dischargeable....

See, Countryman, *supra* at 308.

Under the *Frantz* method, the parties could be subjected to a costly trial with probable delay in state court. The plaintiff runs the risk of not bringing back a sufficiently intelligible jury verdict to afford relief. Also, does the plaintiff have to bring back the entire State Court statement of facts, or just the live petition, answer, findings (jury or court), charge to the jury, verdict, and judgment? 3 *Collier on Bankruptcy* ¶ 523.16, at 523–121, n. 29 (15th ed. 1989).

Under the *Ruiloba* method, the preliminary inquiry into the dischargeability of a debt followed by a trial in state court could result in duplicative proceedings and expenses, as the parties will undoubtably use the same or similar witnesses and exhibits to litigate the dischargeability issue in bankruptcy court only to be required to retry the issues underlying the dischargeability complaint in state court. Since the parties have consented to this Court's conducting a jury trial, if found appropriate, then, for the present, this Court does not have to now address this problem.

The underlying contentions of the plaintiff are not complex. Under previously cited cases, the claimant has no right to a jury trial on the § 523 dischargeability issue or the § 727 objection to discharge. Without deciding this issue at the present, the Court notes that any right to a jury trial to which the litigants may or may not be entitled exists only as to the liability and damages issues underlying the § 523 dischargeability complaint. At this time, the Court will bifurcate the trial and first try, non jury, the § 727 complaint and the § 523 dischargeability issue. If Plaintiff is successful on the § 727 complaint, or the § 523 dischargeability issue, decision will be made at such time on the necessity, propriety, and manner of any further trial, if any.