**In re William Nelson THOMAS and Connie Rue Thomas, Debtors.**

**Ann Gaines, Plaintiff,**

**v.**

**Connie Rue Thomas and William Nelson Thomas, Defendants.**

**Bankruptcy No. 798–70346–RCM–7. Adversary No. 798–7022.**

United States Bankruptcy Court, N.D. Texas, Wichita Falls Division.

June 4, 1999.

Perry Wesbrooks, Wesbrooks Firm, Wichita Falls, TX, for Debtors.

Harry L. Cure, Fort Worth, TX, trustee.

### MEMORANDUM OPINION

ROBERT MCGUIRE, Chief Judge.

On May 14, 1999, the Court held a status conference on this § 523(a)(2) and (a)(4) adversary proceeding. Thereafter, on May 18, 1999, the Court signed an order denying Connie Rue Thomas and William Nelson Thomas' ("Defendants" or "Debtors") request for a jury trial and setting the non-jury trial date and scheduling order. Such order consolidated the trial in this adversary with a trial on Ann Gaines' ("Plaintiff") proof of claim filed in the main bankruptcy case.

Defendants requested the Court to make findings of fact and conclusions of law covering the denial of a jury. The following findings of fact and conclusions of law, under Bankruptcy Rule 7052, are in response to such request.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (I).

### Background Facts

Plaintiff filed a state court suit against Defendants in Dallas county on February 10, 1998.

Defendants filed a voluntary petition in bankruptcy in the Northern District of Texas, Wichita Falls Division on March 26, 1998.

Plaintiff was permitted to amend her original complaint by a court order dated October 21, 1998. Plaintiff filed such amended complaint on October 26, 1998.

Defendants filed a response to Plaintiff's amended complaint on November 6, 1998, asserting a counterclaim against Plaintiff for defamation and slander and requesting transfer of this case back to state court for trial by jury. This counterclaim was voluntarily dismissed by Defendants by order of January 14, 1999.

Harry Cure, Jr. ("Trustee"), the Chapter 7 Trustee, was authorized by the May 11, 1999 Order of this Court to sell the Debtors' cause of action against Plaintiff for the alleged pre-petition defamation and slander for $3,000 to Plaintiff.

The sale of this cause of action converted this case from a no-asset case to an asset case.

On May 14, 1999 Plaintiff filed a proof of claim in Debtor's bankruptcy case based on fraud or defalcation while acting in a fiduciary capacity, embezzlement and larceny. These are the same claims that are the basis of the state court suit and this adversary proceeding.

### Discussion

■ By filing a voluntary petition in bankruptcy, the Debtors do not automatically lose the right to a jury trial. *In re Jensen,* 946 F.2d 369, 373 (5th Cir.1991).

The Seventh Amendment grants the right to a jury trial in suits at common law. U.S. Const. amend. XII.

The Supreme Court has adopted a three part test to determine if the issue to be tried before the bankruptcy court is of legal or equitable nature. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The Court must first determine if the claims raised were historically legal or equitable. *Id.* Second, the Court must determine if the remedy sought is legal or equitable. *Id.* In the third step, the Court must decide whether Congress can assign the type of claim to a non-Article III Court which does not use a jury, even if the party would otherwise be entitled to a jury. *Id.* The second part of the analysis is more important than the first. *Id.*

Dischargeability of a debt is an equitable proceeding which does not entitle either side to a jury. *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496, 1505 (7th Cir.1991) (a non-dischargeability action where the 7th Circuit affirmed the denial of a jury to the debtor); *Citibank, N.A. v. Fisher (In re Fisher),* 186 B.R. 70, 71 (Bankr.E.D.Tex.1995); *Snyder v. Devitt (In re Devitt),* 126 B.R. 212, 214–15 (Bankr.D.Md.1991); *Schieber v. Hooper (In re Hooper),* 112 B.R. 1009, 1012 (9th Cir. BAP 1990); *Merrill v. Walter E. Heller & Co. (In re Merrill),* 594 F.2d 1064, 1068 (5th Cir.1979); *Rude v. Whitehorn (In re Whitehorn),* 99 B.R. 734, 736–37 (Bankr.N.D.Tex.1989).

However, once the dischargeability issue is tried, there is a question concerning whether the debtors are entitled to a jury trial with respect to the issues of liability and amount. *In re Hallahan,* 936 F.2d at 1507–08; *In re Merrill,* 594 F.2d at 1068; *In re Hooper,* 112 B.R. at 1012.

In *In re Jensen,* 946 F.2d at 374, the court stated:

We agree with the result in *Hallahan,* but not its reasoning with regard to why the debtor had no right to a jury trial, even if the claims against him were legal in nature. As we see it, the debtor was not entitled to a jury trial in *Hallahan,*

not because the debtor had filed a petition in bankruptcy, but because the plaintiff had submitted his claim against the debtor to the equitable jurisdiction of the bankruptcy court. *Filing a proof of claim denied both the plaintiff and the defendant, debtor, any right to jury trial that they otherwise might have had on that claim.* Debtor's petition in bankruptcy could have no legal effect on plaintiff's claim other than to stay it. (Emphasis added).

Once the plaintiff submitted her claim to the equitable powers of the bankruptcy court by filing a proof of claim, the debtors lost any right to a jury trial on that claim. *In re Jensen,* 946 F.2d at 374; *cf. In re Hallahan,* 936 F.2d at 1505–06 (anomalous to allow voluntary debtor right to jury trial while disallowing same to creditor who files a claim).

As previously indicated, a separate order consistent with these findings was entered on May 18, 1999.